## James O'Connor *vs.* Uriah J. Daily.

A tenant of land under a lease, which provided that his lessors might terminate it by selling the land and giving notice to him of the sale, executed an under-lease thereof, by which he did "lease, demise and let" the premises, and which contained a provision that "the lessees may make all necessary alterations for carrying on their business, but for no other purpose, and in case the land is sold the lessees may carry away their improvements, otherwise said improvements to be left on the premises at the expiration of the lease, as the property of the lessor." A purchaser of the land from the original lessors then evicted the under-tenant. *Held,* that this was not a breach of any implied covenant of quiet enjoyment in the under-lease.

CONTRACT, by the assignee of a lease, against the lessor, for breach of its covenants. Trial in the superior court, before *Rockwell,* J., who before verdict, by consent of parties, reported the question, whether the plaintiff could maintain his action, for the determination of this court, as follows :

James Sturgis and William Dehon leased to the defendant certain land in Boston for five years from April 1, 1866, by an indenture containing this provision : " In case the lessors shall sell the said land before the expiration of this lease, they may terminate the same by giving the lessee ninety days' notice in writing of such sale." The defendant then did " lease, demise and let " the land to Michael Moley and John McShane for five years from said April, by an indenture without any express covenant for quiet enjoyment, and containing this provision : " The lessees

may make all necessary alterations for carrying on their business, but for no other purpose, and in case the land is sold the lessees may carry away their improvements, otherwise said improvements to be left on the premises at the expiration of the lease, as the property of the lessor." Moley and McShane assigned their lease to the plaintiff, and afterwards Sturgis and Dehon sold the land to one Wilds, who duly notified all the lessees, and evicted the plaintiff on September 1, 1868.

*H. G. Parker*, for the plaintiff. The words " lease " and " demise." constitute an implied covenant for quiet enjoyment, which runs with the land. *Dexter* v. *Manley*, 4 Cush. 14. *Waldo* v. *Hall*, 14 Mass. 486. *Slater* v. *Rawson*, 6 Met. 439. *Crouch* v. *Fowle*, 9 N. H. 219. *Sumner* v. *Williams*, 8 Mass. 162, 201. 1 Washb. Real Prop. (3d ed.) 426. Platt on Cov. 47. Rawle on Cov. (4th ed.) 461. Taylor Landl. & Ten. § 445.

*I. S. Morse*, for the defendant.

MORTON, J. The lease from the defendant to Moley and McShane, on which the plaintiff sues as assignee, contains no express covenant for quiet enjoyment. The plaintiff's claim is that, by force of the words " lease, demise and let," there is an implied covenant for quiet enjoyment, which has been broken by his eviction by the purchaser of the premises. If it be true that these words, uncontrolled and unqualified by any other provisions in the lease, would import such a covenant, they cannot do so when the lease contains other stipulations which show a different intent of the parties.

In the case at bar, the defendant's only estate in the premises was a term for years, under a lease which contained the provision " that in case the lessors shall sell the said land before the expiration of this lease they may terminate the same by giving the lessee ninety days' notice in writing of such sale." The lease in suit contains the stipulation that " lessees may make all necessary alterations for carrying on their business, but for no other purpose, and in case the land is sold the lessees may carry away their improvements, otherwise said improvements to be left on the premises at the expiration of the lease, as the property of the lessor."

It seems clear that the parties to this lease contemplated a possible sale of the premises by the original lessors, under the right reserved in their lease, and a consequent termination of the tenancy. Provision is made that in such event the lessees shall be compensated by having the right to carry away their improvements which otherwise would be the property of the lessor. Neither party could have understood that the lessor intended to warrant the quiet enjoyment of the leased premises till the end of the term. It would be against the intention of the parties, manifested in the lease, to imply a covenant which amounts to a warranty against an eviction by a purchaser of the land from the owners, who under the terms of the original lease have duly terminated the tenancy.

It follows that the plaintiff, upon the facts stated in the report, has no cause of action. *Judgment for the defendant*