CHARLES T. DUNCKLEE *vs.* GEORGE A. WEBBER.

Suffolk. January 14, 1890. — May 9, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Lease — Authority of Agent — Implied Covenant for Quiet Enjoyment — Special Damage.*

In an action for breach of an implied covenant for quiet enjoyment in an alleged lease in writing, there was evidence that a real estate agent, being told by the defendant who owned an estate to let it for three years at a certain rent, exchanged a paper reciting that he had "leased" the estate to the plaintiff, and describing it, the term, and the rent and the times of payment, signed by him as "agent for" the defendant, for a like paper signed by the plaintiff. The latter immediately entered into possession and paid a month's rent to the agent, who during the next month told the defendant what he had done, and was paid by him his commission on the stipulated rent for the entire term. Within the term the estate was sold under a prior mortgage, and the plaintiff, upon receiving from the purchaser a notice to quit, accompanied by a threat of ejectment by legal process, moved away, the fair rental value of the estate at the time of his removal being more than he was paying. *Held*, that there was sufficient evidence to warrant a verdict for the plaintiff; and that a verdict for the defendant was improperly ordered.

CONTRACT for breach of an implied covenant for quiet enjoyment in an alleged lease in writing. Trial in the Superior Court, before *Staples*, J., who reported the case for the determination of this court in substance as follows.

The lease in question was alleged to be contained in certain paper writings, referred to as A and B respectively. Paper A was as follows: "We have leased to Charles T. Duncklee, of Brookline, the estate of George F. Webber, situated on Babcock Street in said Brookline, and consisting of dwelling-house and

stable, together with the grounds belonging to them, and comprising about 12,000 square feet, on the following terms: for three years from the first day of May, 1887, paying therefor the sum of eight hundred dollars per annum and the water rates; the rent to be payable monthly, sixty-six and two thirds dollars on the first days of each month, and the water rates required by the town of Brookline. Wm. Lincoln & Son, agents for Geo. F. Webber."

Paper B was as follows: "I have leased of Wm. Lincoln & Son the estate of Geo. F. Webber, situated on Babcock Street in the town of Brookline, and consisting of dwelling-house and stable, together with the grounds belonging to them, and comprising about 12,000 square feet, on the following terms: for three years from the first day of May, 1887, paying therefor the sum of eight hundred dollars per annum and the water rates; the rent to be payable monthly; sixty-six two thirds dollars on the first days of each month, and the water rates as required by the town of Brookline. Chas. T. Duncklee."

At the trial, there was evidence that on April 1, 1887, the defendant, who then owned the premises in question, gave a mortgage for three years on the same, containing a power of sale in the usual form. William E. Lincoln testified that he belonged to the firm of William Lincoln and Son, real estate agents; that the defendant before going abroad orally authorized the firm to take charge of the property and let it; that the defendant "told us to let the house for eight hundred dollars a year, and the time was three years"; that the firm was to receive the regular commission of one per cent a year on the rental for so doing; that he executed and delivered paper A to the plaintiff, who in turn executed and delivered to the firm paper B; that the firm did not execute a formal lease, because it had no power of attorney; that the plaintiff thereupon took possession of the premises; that the defendant was still abroad when the papers were exchanged, and one month's rent, for May, 1887, was paid by the plaintiff to the firm before the defendant returned, and the firm collected no more rent; that he saw the defendant at the firm's office after his return, in June, 1887, and informed him of the letting of the premises to the plaintiff for the term of three years, and gave him the plaintiff's address, and

also told him that the firm had collected one month's rent; and that then or later the firm had a settlement with the defendant, in which it paid him the balance of the month's rent collected for the plaintiff, after deducting its commission of twenty-four dollars for letting the same and the expense of advertising.

There was further evidence, that the mortgage given by the defendant on the premises was duly assigned by the mortgagees, on April 1, 1888, to Frederick W. Webber, who on June 1, 1888, entered upon the premises to foreclose the mortgage for breach of condition, and on the same day duly sold them under the power contained in the mortgage, and conveyed them to James C. Littlefield. The plaintiff testified, that, after taking possession of the estate and paying the first month's rent to William Lincoln and Son, he continued thereafter to pay rent to the defendant up to June 1, 1888; that early in that month he received a notice to quit signed by Littlefield, notifying him that the latter held a deed of the premises and desired to take possession of the same at once, and warning the plaintiff to vacate the same on or before June 20, 1888, or legal proceedings would be taken to eject him; that he continued to occupy the premises until June 19, 1888, and then moved away from the same; that subsequently he received a bill from the defendant for one month's rent to July 1, 1888, with a request to remit the same, which bill had not been paid; and that the fair rental value of the property at the time he removed from the premises was one thousand dollars a year, and possibly more, property in that locality having recently risen in value.

The judge ruled that the plaintiff was not entitled to maintain his action, and, after directing a verdict for the defendant, reported the case for the determination of this court. If the ruling and direction were right, the verdict was to stand; otherwise, the verdict was to be set aside and a new trial granted.

*A. Hemenway & C. T. Duncklee*, for the plaintiff.

*E. H. Jose*, for the defendant.

C. ALLEN, J. The court having ordered a verdict for the defendant, we have only to consider whether in any aspect of the case a verdict for the plaintiff would have been warranted.

1. There was sufficient evidence that Lincoln and Son had authority to let the premises for three years. One of the firm

testified that the defendant " told us to let the house for eight
hundred dollars a year, and the time was three years." Shortly
after the letting, (the time is not stated exactly, but the jury
might have found it to be in the following month,) the witness
informed the defendant of the renting of the estate to the plain-
tiff, and of the collection of one month's rent. Afterwards a
settlement was had, in which Lincoln and Son were allowed a
commission on the stipulated rent for three years. Authority
by parol was sufficient. *Shaw* v. *Nudd*, 8 Pick. 9. *Heard* v.
*Pilley*, L. R. 4 Ch. 548.

2. The papers executed amounted to a present lease of the
premises. No further or more formal lease was contemplated.
*Shaw* v. *Farnsworth*, 108 Mass. 357. *McGrath* v. *Boston*, 103
Mass. 369.

3. The mode of signing the paper A was sufficient to bind
the defendant. The contrary is not contended in the argument.
*Goodenough* v. *Thayer*, 132 Mass. 152. *Amory* v. *Kannoffsky*,
117 Mass. 351. *Gowen* v. *Klous*, 101 Mass. 449, 454.

4. There was an implied covenant for quiet enjoyment dur-
ing the term. The papers A and B constituted a lease for
three years. The rent was to be paid during that time. The
papers contain nothing to control the ordinary implication that
the lessee shall have quiet enjoyment. *Ellis* v. *Welch*, 6 Mass.
246, 250. *Dexter* v. *Manley*, 4 Cush. 14, 24. *Foster* v. *Peyser*,
9 Cush. 242, 246. *O'Connor* v. *Daily*, 109 Mass. 235. *Mack* v.
*Patchin*, 42 N. Y. 167. *Mostyn* v. *West Mostyn Coal & Iron Co.*
1 C. P. D. 145, 152. *Bandy* v. *Cartwright*, 8 Exch. 913. *Hall* v.
*London Brewery Co.* 2 B. & S. 737.

5. There was evidence of a breach of this covenant. The
defendant had given a prior mortgage, the assignee of which
made an entry for foreclosure, and sold the premises under a
power of sale contained in the mortgage, and the purchaser gave
notice to the plaintiff to vacate the premises, with a threat of
legal process to eject him. The plaintiff could not defend
against this title, and might properly yield to it without a
suit. *King* v. *Bird*, 148 Mass. 572. *Carpenter* v. *Parker*, 3
C. B. (N. S.) 206.

6. The doctrine that an implied covenant of a life tenant ceases
with his life does not apply. *Adams* v. *Gibney*, 6 Bing. 656.

7. There was evidence of special damage. The plaintiff had to remove from the premises, and to seek another place of residence. And he testified that the fair rental value of the premises was more than he was paying, and that property in that vicinity had recently risen in value.

*New trial granted.*