JEREMIAH SHAW *vs.* NATHAN APPLETON & another.

Suffolk.    January 22, 1894. — May 17, 1894.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Lease — Reservation of Right to sell Demised Premises.*

A clause in a lease reserving to the lessor the right to sell, and providing that any of the demised land sold during the term should cease to be a part of the demised premises, is valid.

BILL IN EQUITY, filed January 20, 1893, alleging that on March 18, 1892, the defendant Appleton executed to the plaintiff a lease, for the term of two years from March 15, 1892, of a parcel of land in Brighton, containing about twelve acres, of which premises Appleton was the owner in fee; that on May 15, 1892, the other defendant, the Brookline Artificial Ice Company, entered upon the plaintiff's close and built upon it, and especially around that part of the same known as the Undine Springs, erected certain structures and fences, and attempted to evict the plaintiff therefrom, and denied to him the right to enter upon the close, or to have access to the springs or to take water therefrom; that the plaintiff was informed and believed that the defendant company intended to continue the acts of trespass alleged; that the land described in the lease contained a spring of natural water of valuable medicinal qualities and of especial purity, and that the right to take water therefrom was of value; that prior to the alleged acts of trespass the plaintiff was engaged in distributing to customers in Boston the water taken from the springs, and was in the receipt of large profits from the sale thereof, and that by the alleged acts of trespass of the defendants he was wholly deprived of those profits.

The prayer of the bill was that the Brookline Artificial Ice Company should be restrained from further entering upon or trespassing upon the plaintiff's close, or from further interfering with the plaintiff's access to the springs, or any other part of the close described in the lease.

The lease referred to in the bill contained a provision that " said Appleton reserves to himself the right at any time to sell and convey any or all of the land herein demised, and upon any such sale or conveyance so much of said land as shall be so sold or conveyed shall cease to be a part of the herein demised premises."

The defendant Appleton demurred to the bill for want of equity, and the plaintiff subsequently discontinued as to him.

The defendant company demurred to the bill on four grounds, and assigned as the fourth ground thereof, that, for aught that appeared from the bill, or from the copy of the lease thereto annexed, the trespasses alleged to have been committed by the defendant were such acts as it would have the right to do by virtue of a sale and deed from Appleton executed under the authority and power reserved by him in the lease; that it did not appear from the bill that the plaintiff had any rights in the premises other than under. the lease, nor did it appear that the alleged trespasses were committed by the defendant under the authority of Appleton in violation of the provisions of the lease, or by virtue of any paramount authority, or under any claim of right, or that they were not the acts of a stranger.

At the hearing, the demurrer was sustained on the fourth ground, and the bill dismissed with costs; and the plaintiff appealed to the full court.

*W. R. Bigelow*, for the plaintiff.

*F. L. Hayes*, for the defendants.

BARKER, J.   In support of his contention that the clause is void whereby the lessor " reserves to himself the right at any time to sell and convey any or all of the land herein demised, and upon any such sale or conveyance so much of said land as shall be so sold or conveyed shall cease to be a part of the herein demised premises," the plaintiff urges that a reservation is void which is repugnant to the words by which the estate demised is defined and limited. But, as held in *Cutler* v. *Tufts*, 3 Pick. 272, 276, the rule invoked is a technical one, which may force a construction different from the intent of the parties, and therefore not to be acted upon but in the last resort, and there is no occasion to resort to it in the

present case.   It is clear from the whole lease that the contract
was not that the lessee was at all events to hold for two years
the land demised, but that his right in so much as should be sold
during the term should cease upon such sale.   Such bargains are
·common, and clauses inserted to express them have often been
given effect.   See *Munigle* v. *Boston*, 3 Allen, 230, 232; *O'Con-
nor* v. *Daily*, 109 Mass. 235.   In *Pynchon* v. *Stearns*, 11 Met.
304, relied upon by the plaintiff as governing the case at bar,
the reservation which the demandant contended was repugnant
to the habendum of his lease, was not held void, but was so con-
strued as to amount to a valid covenant, permitting the lessor
to enter and erect houses on the demised land.   Any provision
stipulating that during the term a lessor may enter or may
terminate the lease is, in a sense, repugnant to words demising
land for a fixed term ; but such stipulations are found in most
leases, and are not held void because repugnant to the words of
demise.   See *Hunnewell* v. *Bangs, ante,* 132.   When, as in the
present case, it is clear that the contract was that the lessee
should take his estate subject to a defeasance by a sale of the
demised property by the lessor, to hold the clause defining the
reserved right of the lessor void because repugnant to the demise
would be unwarrantably to defeat an intention which the parties
have clearly expressed.   It follows that the plaintiff's bill was
bad, for the fourth reason assigned in the demurrer, and that it
must be dismissed.                       *Bill dismissed, with costs.*