## ABRAM GUNSENHISER *vs.* ISRAEL BINDER.

Suffolk.    September 6, 1910. — October 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Landlord and Tenant,* Construction of lease, Conditional limitation of lease, Termination of tenancy.   *Covenant.*   *Summary Process.*

A lease of land, after stating that the demise was for a term of ten years, contained the following: "If the lessor at any time after the expiration of the first five years of this lease desires to sell the land, this lease may be terminated on thirty days' notice in writing of the lessor's determination and the payment by the said lessor to the lessee of the sum of $400 as liquidated damages for the termination of said lease, and upon such termination the lessee shall remove any building within the said thirty days and quietly and peaceably yield up the possession of the premises upon said payment of $400. This lease shall bind the parties and their executors, administrators and assigns." *Held,* that the foregoing provisions constituted a conditional limitation of the lease, and not a mere covenant.

At the trial of summary proceedings for the possession of certain real estate under R. L. c. 181, it appeared that the defendant claimed the right to retain possession under a lease of the land, which was for a term of ten years and contained the following: "If the lessor at any time after the expiration of the first five years of this lease desires to sell the land, this lease may be terminated on thirty days' notice in writing of the lessor's determination and the payment by the said lessor to the lessee of the sum of $400 as liquidated damages for the termination of said lease." There was evidence which warranted findings that, after the expiration of the first five years of the term of the lease, the plaintiff had tendered to the defendant $400 and had given to him thirty days' notice in writing of his desire to sell the land, and that at the time of giving the notice the plaintiff had such desire, although he had not placed the property in the hands of any real estate broker, had not advertised it for sale and had made no agreement of sale. *Held,* that, within the meaning of the above quoted portion of the lease, in order to constitute a desire to sell the land it was not necessary that the plaintiff should enter into a binding agreement to convey it, nor in order to terminate the lease was it necessary that the plaintiff should make an entry upon the premises.

The termination of a lease of land in any manner gives the landlord, if he has retained his title, a right to recover possession of the land by summary proceedings under R. L. c. 181, § 1.

SUMMARY PROCESS, under R. L. c. 181, for the possession of land at the corner of Huntington Avenue and Tremont Street in Boston. Writ in the Municipal Court of the Roxbury District of the City of Boston dated February 4, 1910.

On appeal to the Superior Court, the case was heard by *Sanderson,* J., without a jury.

It appeared that the plaintiff's predecessor in title on December 20, 1904, had executed and delivered to the defendant's predecessor in title a lease of the premises "for a term of ten years from January 1, 1905, to January 1, 1915, at an annual rent of one hundred dollars during said term." The lease also contained the paragraph quoted in the opinion, and the following: " This lease shall bind the parties and their executors, administrators, and assigns."

There was testimony of the plaintiff, in part corroborated by other witnesses, that " in the fall of 1909 it had been his desire to sell " and that such " was his desire at the time of giving the notice " hereinafter described ; that the cost of keeping the land, which was in large part vacant and included a large ledge of rock, was great, the income from it was small, the cost of blasting the ledge would have been great, and his health was poor and that therefore he " concluded to sell "; that he spoke to several real estate men, and gave permission to one of them to post a sign upon the premises, that he never placed the property in the hands of any real estate broker to sell for him, never placed a sign upon the premises to indicate that the property was for sale, and never " had it in any newspaper or in any other form of advertisement "; that he considered the land worth from $1.75 to $2 per foot, and it included nineteen thousand square feet of land, and that the best offer that he had received was $1.25 per foot for some of the portions which were best located.

On January 3, 1905, the plaintiff tendered $400 to the defendant and gave to him a notice in writing in substance as follows : " Whereas I desire to sell the land now held by you under an assignment of a written lease; . . . And whereas I have determined to sell said land, Now therefore, I hereby notify you in accordance with the terms and provisions in said lease to quit and deliver up said land in thirty days from the date hereof."

At the close of the evidence the presiding judge at the request of the defendant ruled that " the mere desire, the operation of the plaintiff's mind is not sufficient under said agreement to terminate the lease," and that " the stipulation in the lease is

a covenant and not a condition or conditional limitation"; and refused to rule that upon all the evidence the plaintiff could not recover, or that there was no evidence which would warrant a finding for the plaintiff. Upon the defendant's requesting him to rule that " under the agreement, in order to terminate the lease, there must have been, on the part of the plaintiff, a present, *bona fide* intention to convey, a tender of money reserved by the terms of the lease to be paid at its termination if determined before the period fixed by its limitation, and by an entry or an attempted entry for the purpose of repossessing himself of said estate," the judge ruled " that no further attempt to enter by the plaintiff for the purpose of repossessing himself of the estate than is shown by the evidence in this case is required. The rest of the defendant's request is given."

The presiding judge "found for the plaintiff for possession"; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Blanchard*, for the defendant.

*A. Berenson & B. Berenson*, for the plaintiff.

KNOWLTON, C. J. This is an action of ejectment brought under the R. L. c. 181, § 1. The rights of the parties depend upon the construction of a lease made by the plaintiff's predecessor in title to the predecessor in title of the defendant. The lease contains the following provision : " If the lessor at any time after the expiration of the first five years of this lease desires to sell the land, this lease may be terminated on thirty days' notice in writing of the lessor's determination and the payment by the said lessor to the lessee of the sum of $400 as liquidated damages for the termination of said lease, and upon such termination the lessee shall remove any building within the said thirty days and quietly and peaceably yield up the possession of the premises upon said payment of $400." By its own terms, the lease was to end on the happening of the contingencies mentioned therein, namely, the existence of a desire on the part of the lessor to sell the land and thirty days' notice in writing of this determination and the payment by him of $400 as liquidated damages for the termination of the lease. This was a conditional limitation of the lease, and not a mere covenant. *Fifty Associates* v. *Howland*, 11 Met. 99. *Shaw* v. *Appleton*, 161

Mass. 313.  *Munigle* v. *Boston,* 3 Allen, 230, 232.  *O'Connor* v.
*Daily,* 109 Mass. 235.  All the facts were proved that were
necessary to show the termination of the lease by its own
limitation.

In order to constitute a desire to sell or convey, within the
meaning of the language of the lease, it was not necessary that
the plaintiff should enter into a binding agreement to convey.
Nor was an entry upon the land by the plaintiff necessary.  The
desire to sell or convey that was proved, the notice in writing
that was given and the tender of the $400 in money, were all
that was required.  There was no error in the refusal to give the
rulings requested on these points.  *Knowles* v. *Hull,* 99 Mass.
562, 564.  *De Friest* v. *Bradley,* 192 Mass. 346.

By the express terms of the statute a termination of a lease
in any manner gives the landlord a right to recover in this form
of proceeding.  R. L. c. 181, § 1.

*Exceptions overruled.*