Robbins, J.
This is an action of contract by a lessee against his lessor for alleged breach of an implied covenant for quiet enjoyment. No question of the sufficiency of the pleadings is raised.
The case arises out of the following facts proved at the trial:
May 20, 1938 Frederick W. Holden, Trustee u/w Mary E. Holgate, gave to the plaintiff a written lease of a store in Fitchburg to run for the term of three years from date. Subsequently the defendant succeeded said Holden as trustee and was acting as such during the acts complained of.
In July 1939, the plaintiff discussed with the defendant and his attorney the question of his being permitted to sublet the premises to one Goldman for the remainder of his term, and it was agreed that the plaintiff might do so, and the clause in the lease prohibiting subletting was crossed *143 out of both copies of the lease and initialed by the plaintiff and defendant.
August 9, 1939, the defendant leased to Crane’s Clothes, Inc. the entire building in which said store was situated, said lease to take effect September 1, 1939. This lease contained no mention of the prior lease to the plaintiff, but the defendant informed Crane’s Clothes, Inc. of the existence of the plaintiff’s lease, the defendant’s copy of which the attorney for Crane’s Clothing, Inc. examined on August 11, 1939.
August 11, 1939, the plaintiff sublet said store to Goldman for the remainder of the term of his lease at a rental greater than that called for by the terms of his lease from the defendant, and the plaintiff started.and advertised a going-out-of-business sale.
August 21, 1939, the defendant assigned to Crane’s Clothes, Inc. his reversionary interest in the lease to the plaintiff, and on the same day Crane’s Clothes, Inc., acting under this assignment, made an entry in said store for alleged breach of terms of the lease so assigned, and gave the plaintiff notice to remove his goods. Actually there was no breach of the terms of said lease. The plaintiff then asked assistance from the defendant and the defendant, through counsel, informed the plaintiff that the plaintiff had the right of possession of the store but refused to assist him further.
August 24,1939, the defendant gave the plaintiff notice of the lease to Crane’s Clothes, Inc. asking that all rent after September 1, 1939 should be paid to Crane’s Clothes, Inc. During August 1939, the plaintiff paid the defendant rent to September 20,1939, of which the defendant retained rent to September 1, and paid the remainder to Crane’s Clothes, *144 Inc. The plaintiff never paid nor tendered any rent for any subsequent period.
August 29, 1939, the plaintiff, Goldman, and Crane’s Clothes, Inc. reached an agreement for the settlement of their mutual differences. The defendant was not a party thereto. In accordance with the terms of the settlement the plaintiff vacated the premises and his lease and that of Goldman were surrendered to Crane’s Clothes, Inc. and were cancelled. Furthermore, the plaintiff released and discharged Crane’s Clothes, Inc. from all claims with refernce to rights under the lease he surrendered. In consideration therefor, the plaintiff retained $450 paid previously to him by Goldman and received $50 from Crane’s Clothes, Inc. and Goldman received $450 from Crane’s Clothes, Inc.
Requests for rulings were seasonably presented, fourteen by the plaintiff and eleven by the defendant. The trial judge disposed of these requests by “Findings on the plaintiff’s requests for rulings” and “Findings on defendant’s requests for findings and rulings” wherein he denied some and allowed others of each party’s requests for reasons therein set forth, and made a finding for the defendant. The plaintiff claims to be aggrieved by the denial of those of his requests which were denied, by the granting of those of the defendant’s requests which were allowed, and by the finding or ruling that his cancellation and surrender of his lease was voluntary.
In his finding in this case the trial judge set forth the issue to be “whether a lessee, who after an entry wrongfully made by the assignee of his lessor, voluntarily cancels and surrenders his lease without the approval of the lessor, can recover damages against said lessor for his loss of possession, when said loss was due either to said *145 wrongful act of said assignee or to the voluntary surrender of the lessee”. To be sure, the plaintiff contends that his surrender of his lease was not voluntary, in that he was forced to decide whether to surrender his lease in accordance with the terms of the settlement or to enter into litigation in support of his undoubted rights against Crane’s Clothes, Inc., which course threatened substantial losses before a final determination of his rights to the store. Nevertheless, the plaintiff was free to make the choice and we think his choice was his voluntary act. In so far as this was a ruling of the trial judge we think the ruling correct.
There was no express covenant for quiet enjoyment in the plaintiff’s lease, but such a covenant was implied. Dunkler vs. Webber, 151 Mass. 408, 411. Dexter vs. Manley, 4 Cush. 14, 24. Ellis vs. Welch, 6 Mass. 246.
The plaintiff cites the cases of Case vs. Minot, 158 Mass. 577 and Sherman vs. Williams, 113 Mass. 481 to show that the defendant is responsible for the acts of Crane’s Clothes, Inc. Case vs. Minot, was a bill in equity by lessees against their lessors for damages due to loss of light caused by the erection of a chimney by other and later lessees of the same lessors, and the court held the lessors liable. In that case, however, the terms of the lease to the lessees who erected the chimney contained permission to erect an. adequate chimney. Sherman vs. Williams was an action for breach of quiet enjoyment by a lessor against his lessee who subsequent to the lease agreed with an adjoining owner for the erection of a party wall covering a portion of the leased premises which agreement was carried out, and recovery was allowed. These two cases are distinguishable from the case at bar in that the lessor in each of them gave express permission for the acts done by a third party which *146 caused damage. In the case at bar no such permission was given by the defendant; in fact, the defendant’s counsel informed the plaintiff that he, the plaintiff, had a right to the premises. There was no legal duty on the defendant to take any active steps under the existing cireumistances. 16 B. C. L. Landlord and Tenant, Section 118. The unlawful acts were those of Crane’s Clothes, Inc. for which the defendant was not responsible.
However, the plaintiff claims that the defendant is es-topped from setting up that Crane’s Clothes, Inc. had no right to take possession and terminate the plaintiff’s lease. As was said above the defendant’s counsel informed the plaintiff that the latter’s rights were superior to those of Crane’s Clothes, Inc. before the plaintiff settled his claim against Crane’s Clothes, Inc. No estoppel can be established on such facts.
There was no breach of any duty of the defendant to the plaintiff in not referring to the plaintiff’s lease in the lease given to Crane’s Clothes, Inc. “It is quite clear that the lessor is not guilty of any wrong upon the lessee by reason of his transfer of the reversion to another without any reference to the lease”. 16 R. C. L. Landlord & Tenant §118. It also appeared in evidence that the defendant informed Crane’s Clothes, Inc. of the plaintiff’s lease when the Crane’s Clothes, Inc. lease was executed.
It seems unnecessary to consider seriatim the trial court’s rulings on the several requests. By our decision that there was no breach by the defendant of his implied covenant for quiet enjoyment, the rulings on the effect of the termination or surrender of the plaintiff’s lease become immaterial, and all other rulings by the trial judge are in accord with this opinion. No prejudicial error is found.