[No. 14262.   In Bank. — May 14, 1891.]

TIMOTHY PAIGE ET AL., APPELLANTS, *v.* FREDER-
ICK ROEDING ET AL., RESPONDENTS.

APPEAL — DISMISSAL — OMISSION OF PART OF JUDGMENT ROLL — DIMINU-
TION OF RECORD. — An appeal from a judgment will not be dismissed
merely because some part of the judgment roll is omitted from the tran-
script, where it does not appear that the omitted parts are important.
An omission, if deemed important, may be remedied by suggestion of a
diminution of the record.

MOTION to dismiss an appeal from a judgment of the
Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Pillsbury & Blanding,* for Appellants.

*Rosenbaum & Scheeline,* for Respondents.

McFARLAND, J. — This cause is before us on a motion
of respondents to dismiss the appeal, upon the ground
that the transcript filed by appellants does not contain a
copy of the judgment roll.

Section 950 of the Code of Civil Procedure directs that
on an appeal from a final judgment the court must be
furnished with a copy of the judgment roll; and section
954 provides that "if the appellant fails to furnish the
requisite papers, the appeal *may* be dismissed." This
power to dismiss might perhaps be properly exercised
in extreme cases; but it frequently happens that the
whole of a judgment roll is not "requisite" to the full
determination of an appeal. And it would be unjust to
dismiss an appeal merely because some part of the roll
had been, inadvertently, perhaps, omitted from the tran-
script. If the omission be deemed material by respond-
ent, he can easily remedy the supposed defect by
suggestion of a diminution of the record. In the case
at bar, the asserted defects in the copy of the judgment
roll, which do not very clearly appear from the certifi-

cate of the clerk, are not important enough to authorize a dismissal of the appeal.

The motion to dismiss the appeal is denied.

HARRISON, J., PATERSON, J., GAROUTTE, J., and DE HAVEN, J., concurred.