[No. 14475.   Department One. — November 25, 1891.]

# CHARLES RICHARDSON, RESPONDENT, *v.* THE CITY OF EUREKA, APPELLANT.

APPEAL — DISMISSAL — DEFECTIVE TRANSCRIPT — CURING DEFECTS AFTER NOTICE OF MOTION. — A motion to dismiss an appeal from a judgment, on the ground that the transcript does not contain a complete judgment roll, as required by the statute, will be denied where the defects in the judgment roll are remedied after the motion is noticed for hearing and before it is heard.

ID. — NOTICE OF MOTION FOR NEW TRIAL. — A notice of motion for new trial forms no part of the record on appeal; and a motion to dismiss an appeal from an order denying a new trial, upon the ground that the transcript does not show that any notice of intention to move for a new trial was ever served or filed, and that it does not appear therefrom that the appellant ever moved for a new trial, will be denied.

ID. — DEFECTS IN STATEMENT OF CASE. — Any defects alleged to exist in the statement of a case embodied in a transcript on appeal from an order denying a new trial will be considered only upon the hearing of the appeal upon its merits, and are not ground for a motion to dismiss the appeal.

MOTION to dismiss an appeal.   The facts are stated in the opinion of the court.

*J. N. Gillett,* for Appellant.

*E. W. Wilson,* and *J. W. Turner,* for Respondent.

GAROUTTE, J. — Respondent moves to dismiss the appeal herein from the judgment and order denying a new trial, upon the ground that appellant has not furnished this court with a transcript containing a copy of the judgment roll in said cause, as required by sections 661 and 952 of the Code of Civil Procedure.

Respondent further insists that the appeal from the order denying the motion for a new trial should be dismissed upon the grounds that, — 1. The transcript on appeal shows that appellant did not file with the clerk or serve any notice of his intention to move for a new trial in said cause; 2. That the transcript shows that appellant did not move for a new trial in said cause; 3. That the transcript shows that appellant did not prepare or serve upon respondent any draught of a statement of the case, etc.

Since the motion to dismiss this appeal was noticed for hearing, appellant has supplied the judgment roll with a certified copy of the verdict, and there now appears to be nothing wanting necessary to a complete determination of the appeal. In *Paige* v. *Roeding,* 89 Cal. 69, it was held that an appeal would not be dismissed by reason of a defective judgment roll, when all the portions of the roll are before this court which are requisite to a full determination of the cause.

In *Pico* v. *Cohn,* 78 Cal. 384, it was held that the notice of intention to move for a new trial was no part of the record on appeal. In that case the court said: "When the case comes to us, we must look to the statement or bill of exceptions, and the specifications in which the decision of the court below is not sustained by the evidence, and the specifications of errors of law, as our guide in reviewing the case, and to these alone."

Any defects alleged to exist in the statement of the case will be considered when the cause comes before us, upon its merits.

Let the motion to dismiss the appeal be denied.

HARRISON, J., and PATERSON, J., concurred.