RODEN S. HARRISON *vs.* EBEN D. JORDAN.

Suffolk.    January 21, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Landlord and Tenant.    Damages.*

Inserted among the covenants of a lease, and before the clause giving the lessor the right of re-entry for breach of covenant, was the following : " If the lessor or his assigns shall decide at any time to remove the buildings on the leased premises, he or they may terminate this lease by paying to the lessee the sum of $2,500."   During the term of the lease, and when there had been no breach of covenant, the assignee of the lessor gave the assignee of the lessee a notice to quit and about a month later began to tear down the buildings.   The assignee of the lessee sued for $2,500 under the clause of the lease above quoted. *Held,* that the clause sued upon was not a covenant to pay $2,500 as liquidated damages in case the lessor terminated the lease, but merely gave to the lessor the right, which he had not exercised, to terminate the lease by paying the lessee $2,500 ; so that the plaintiff's remedy, if any, was an action for such damages as he could prove that he had suffered from being evicted.

LORING, J.    In this case a lease was made on November 15, 1899, to run for five years.    After a statement of a right in the lessor to enter on the premises " to view," to show them to others and to make repairs and alterations, and of a right to terminate the lease if the premises should be taken by right of eminent domain or destroyed by fire or unavoidable casualty, and before the clause for a re-entry by him in case the covenants of the lease were broken, the following clause is inserted in the lease : " If the lessor or his assigns shall decide at any time to remove the buildings on the leased premises, he or they may terminate this lease by paying to the lessee the sum of twenty-five hundred dollars."

By sundry mesne conveyances the estate of the lessor became vested in the defendant on February 1, 1901, and that of the

lessee became vested in the plaintiff in July, 1900.   On March 30, 1901, the defendant being in fact ignorant of the existence of the lease in question and supposing the plaintiff to be a tenant at will, undertook to terminate the tenancy by a notice to quit, and in " the latter part of April " began to tear down the buildings on the leased premises.   Thereupon the plaintiff brought this action to recover the $2,500 named in the clause of the lease stated above.   The Superior Court found for the defendant, and the case is here on a report.*

The clause sued on is not a covenant to pay $2,500 as liquidated damages in case the lessor evicts the lessee or terminates the lease, but is a clause conferring on the lessor the privilege of terminating the lease by paying the lessee $2,500.   To act under it the lessor had to pay $2,500.

This is made plain by considering what the rights of the parties would have been if the plaintiff had found it to be for his interest to claim damages for being evicted.   To such a claim the defendant could not successfully have set up in defence that he had terminated the lease under the clause here in question by what he did in the case at bar.

If the plaintiff had a grievance in the premises, it was for having been wrongfully evicted.

*Judgment on the finding.*

*W. H. Preble & J. W. Keith,* for the plaintiff, submitted a brief.

*T. Hunt,* for the defendant.

---

* The case was reported subject to the following agreement of the parties: " If the plaintiff upon the facts is entitled to recover under the first count of his declaration, judgment is to be entered in his favor for $2,500, and interest from the date of the filing of the declaration.   If he is not entitled so to recover, then judgment is to be entered for the defendant."