ISRAEL BINDER vs. ABRAHAM GUNSENHISER.

Suffolk.    March 5, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Landlord and Tenant.    Contract,* Performance and breach.    *Tender.*

Where, under a provision in a lease of land that under certain circumstances the lessor might terminate the lease "on thirty days' notice in writing" and the payment to the lessee of $400 "as liquidated damages for the termination of" the lease, the lessor gave such a notice and tendered the $400, and the lessee refused the tender and declined to vacate the premises, and thereupon the lessor gained possession of the premises by summary process, the lessee cannot thereafter maintain an action of contract for the $400.

CONTRACT for the sum of $400 and interest, alleged to be due under the provisions of a lease of land, which are quoted in the opinion.    Writ dated April 30, 1911.

In the Superior Court the case was tried before *Hitchcock,* J. It appeared that on January 3, 1910, the defendant was the owner in fee of the land described in the lease, and gave to the plaintiff notice of his intention to terminate the lease in accordance with its provisions, tendering to him the sum of $400, which the plaintiff refused.    The plaintiff also refused to vacate the leased premises.    Thereafter the defendant, alleging the termination of the lease, began proceedings for the recovery of the premises by summary process which resulted in a decision in his favor that is reported in 206 Mass. 434.    After compliance with the judgment in that case, the plaintiff made a demand upon the defendant for the $400, called "liquidated damages" in the lease, which the defendant previously had tendered to him and he had refused. This action was for that sum.

At the close of the evidence, the judge ordered a verdict for the plaintiff in the sum of $450.80; and the defendant alleged exceptions.

*F. P. Garland,* for the defendant.

*J. H. Blanchard,* (*H. C. Blanchard* with him,) for the plaintiff.

BRALEY, J.    The clause in the lease upon which the plaintiff

relies, that "If the lessor at any time after the expiration of the first five years of this lease desires to sell the land, this lease may be terminated on thirty days' notice in writing of the lessor's determination and the payment by the said lessor to the lessee of the sum of $400 as liquidated damages for the termination of said lease, and upon such termination the lessee shall remove any building within the said thirty days and quietly and peaceably yield up the possession of the premises upon said payment of $400," was held in *Gunsenhiser* v. *Binder,* 206 Mass. 434, to be a conditional limitation, and not a covenant. The defendant having given notice of his intention to terminate the lease and tendered the amount stipulated, the leasehold estate expired by limitation, and the right of possession, which he obtained only after resort to summary process under R. L. c. 181, accrued. *Gunsenhiser* v. *Binder,* 206 Mass. 434. It is plain that an action for breach of covenant cannot be maintained, although, to avail himself of the privilege of termination, the defendant undoubtedly was required to pay the sum designated as "liquidated damages." *Harrison* v. *Jordan,* 194 Mass. 496. But payment was made conditional upon the plaintiff's concurrent surrender of the premises within the period, and his refusal to accept the tender and to vacate the premises, with his adverse holding of possession until evicted, prevents any recovery on this ground. *Palmer* v. *Sawyer,* 114 Mass. 1, 3. The defendant's first request, that on all the evidence the plaintiff was not entitled to recover, should have been given. Its refusal requires us to sustain the exceptions, and under St. 1909, c. 236, judgment is to be entered for the defendant.

*So ordered.*