[Civ. No. 6734. First Appellate District, Division One.—November 12, 1929.]

CHARLOTTE LUNDBLADE, Respondent, v. WILLIAM BOYES et al., Appellants.

Puter & Quinn for Appellants.

Nelson & Ricks for Respondent.

THE COURT.—An action to recover damages for deceit in which judgment was entered for the plaintiff.

Defendants, who are husband and wife, own a ranch consisting of 320 acres of timber and farm land situated in Humboldt County. The plaintiff alleged that, induced by the oral promises of the defendants to convey to her for its reasonable value a lot approximately one-fourth of an acre in area which formed a part of the above ranch, she built a dwelling-house upon the lot; that the defendants did not intend to perform their promises when the same were made, and have since failed and refused to perform,

all to the damage of plaintiff in the amount expended for the construction of the dwelling.

The court found in conformity with the above allegations of the complaint, and further that the dwelling cost $849.36, for which sum judgment was entered.

Defendants, who have appealed, contend that the findings are unsupported; that plaintiff as a consequence of her own default was not entitled to recover, and that the judgment was not in accord with the correct measure of damages in actions for deceit.

That the boundaries of the lot were marked by defendants and the dwelling-house erected thereon with their permission is undisputed. No price for the lot was agreed upon previous to the erection of the dwelling, but, according to the plaintiff, she was told by defendants " . . . not to worry about the price; everything would be fixed up and the price would be the smallest thing. . . . " She testified that she was ready and willing to pay the reasonable value thereof, but after the erection of the dwelling defendants demanded $1,000 for the lot, which she declined to pay.

According to the testimony of William Boyes, he would not have sold for less, although the evidence shows the value of the timber land in which the lot was situated to have been between $500 and $1,000 per acre.

The position of the defendants with respect to the transaction is not clear from their testimony. After the controversy arose they claimed that the agreement was for a lease of the lot, and caused the dwelling to be insured for $1,000 as their property. At the trial they claimed that they had offered to convey the lot to the plaintiff for $1,000 after the survey and location of a proposed public highway through the land. Despite the conflict in the testimony, there was sufficient evidence to support the conclusion of the trial court that the dwelling was erected in reliance upon promises which the defendants did not intend to perform when the same were made and which they subsequently refused to perform. Under such circumstances the findings cannot be disturbed on appeal. (*Sherman* v. *Sandell,* 106 Cal. 373 [39 Pac. 797]; *Waer* v. *Waer,* 189 Cal. 178 [207 Pac. 891]; *Aronson & Co.* v. *Pearson,* 199 Cal. 295 [249 Pac. 191].)

We cannot agree with the claim that plaintiff was in default. The testimony shows that she was ready and

willing to pay the reasonable value of the lot, which at most was but one-fourth of the amount demanded by defendants, and that she visited their residence for that purpose. It is true that no actual tender was made; but the defendants having in effect repudiated the contract found by the court, and it being certain that it would have been refused, a tender was unnecessary. (*Dowd* v. *Clarke*, 54 Cal. 48; *Scriber* v. *Schenkel*, 128 Cal. 250 [60 Pac. 860]; *Pierce* v. *Lukens*, 144 Cal. 397 [77 Pac. 996]; *Liver* v. *Mills*, 155 Cal. 459 [101 Pac. 299]; *Burg* v. *Harris*, 72 Cal. App. 379 [237 Pac. 399]; *Retsloff* v. *Smith*, 79 Cal. App. 443 [249 Pac. 886].)

The promise made by defendants without any intention of performing the same constituted, under the circumstances shown, wilful deceit (Civ. Code, sec. 1710), for which they were liable for any damage thereby suffered by the plaintiff (Civ. Code, sec. 1709). Here the damage which proximately resulted was the amount found by the court to have been expended in constructing the dwelling, and for which the judgment was entered.

We find no merit in the appeal, and the judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 12, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1930.

All the Justices present concurred.