[Civ. No. 5876.  Second Appellate District, Division Two.—June 5, 1930.]

IDA B. SEARS, Appellant, v. V. MYERSON, Respondent.

W. W. Kaye for Appellant.

Crail, Shutt, Penprase & Crail and Claude A. Shutt, for Respondent.

THOMPSON (IRA F.), J.—Plaintiff's assignor, Joseph Chain, operated, prior to some time in April, 1924, two retail stores in Bakersfield, known as Chain's Emporium and Eddy's Store. He became insolvent and made an assignment for the benefit of his creditors to the Los Angeles Wholesalers Board of Trade. During April of that year an inventory was taken by the Board of Trade aggregating $37,480.51, inclusive of fixtures in the sum of $4,742.71. The prices used in determining the values of the goods in stock were the cost marks checked against the invoices wherever that was possible. Mr. Chain interested the defendant in bidding $20,000 for the entire stock, which bid was accepted by the Board of Trade. In the notice to bidders the following language was employed: "All inventories of stocks of merchandise and fixtures and other personal property, are guaranteed as to quantity and extensions of figuring only. No representations of any kind are made as to quality or condition of merchandise and fixtures. Bidders must inspect same before submitting offer." At the same time Chain and the defendant agreed that the former was to have the right to purchase the stock for the sum of $23,500 (the $3,500 representing the services of defendant) plus additional sums laid out for expenses or merchandise, and minus the sums received for merchandise sold at any time before August 30, 1924, and if Chain was unable to purchase the business on this basis the defendant agreed to pay him $1600. It was to recover this last-named amount that the plaintiff as assignee of Chain brought the present action. The defendant admitted the execution of the agreement, but plead fraudulent representations on the part of plaintiff's assignor, which the court found to have been made as follows:

"That he had a large stock of merchandise in said store all of which was good and salable;

"That his stock of merchandise and fixtures in said store inventoried at cost prices to him, the said Chain, of Thirty-Eight Thousand Dollars ($38,000.00)."

The court found that these statements were untrue, and that plaintiff's assignor knew them to be untrue, and that the inventory was in fact padded with second-hand goods listed at new prices, and with cheap and inferior articles listed at prices greatly in excess of their value. From a

judgment responsive to the findings the plaintiff prosecutes this appeal.

■ The first argument advanced for our consideration is that the statement that the stock was good and salable is not a representation of fact, but is merely an opinion or "puffing" insufficient to support a defense grounded in fraud. It is at once apparent that what was intended to be conveyed to the mind of respondent and the reaction produced therein by the representation that "the stock was good and salable" depends upon the circumstances under which it was uttered. Spoken in connection with a second-hand business the words would have an entirely different meaning from that attaching to them when used in connection with a place dealing in new goods. Or let us put it this way: a representation that a horse was sound in wind and limb would not convey the same meaning when applied to one known to be fifteen years of age as when spoken of a three year old. Modernizing the illustration, a comparable statement would have different meanings when made with respect to a new or a second-hand automobile. It is not necessary to add instances. Sufficient has been said to make obvious the pertinency of the following language taken from the case of *French* v. *Freeman*, 191 Cal. 579 [217 Pac. 515]: "What amounts to an expression of opinion as compared with a positive statement of fact depends upon all the circumstances of the case, and is a question for the trial court to determine. (*Hodgkins* v. *Dunham*, 10 Cal. App. 690 [103 Pac. 351]; *Stockton* v. *Hind*, 51 Cal. App. 131 [196 Pac. 122]; 26 C. J. 1083.) In *Stockton* v. *Hind*, 51 Cal. App. 131, 136 [196 Pac. 122, 124], the court said: 'It is conceded that the general rule is that an expression of opinion or belief, if nothing more, and if so understood and intended, is not a representation of fact, and although false, does not amount to actionable fraud. Ordinarily a person has no right to rely upon such statements, and if he does so rely, he cannot treat them as fraudulent, either for the purpose of maintaining an action in damages for deceit, or for the purpose of rescinding the contract. When there is any doubt as to whether or not a representation was intended and understood as a mere expression of opinion or a statement of fact, the question is one not of law but of fact for the court or jury.' "

There is one further rule of law to be observed in this connection and which we think is helpful in arriving at a solution of our present problem. In *Phelps* v. *Grady,* 168 Cal. 73–77 [141 Pac. 926], we read: "True of course it is that expressions of opinion honestly made are not actionable. Equity has no concern with them. But equally true it is that a false statement of an opinion expressed to one entitled to rely upon it may form the basis of an action for deceit, like any other misrepresentation of fact. (*Barron Estate Co.* v. *Woodruff Co.,* 163 Cal. 561 [42 L. R. A. (N. S.) 125, 126 Pac. 351]; *Brandt* v. *Krogh,* 14 Cal. App. 39 [111 Pac. 275].) The complaint in intervention charges deceit upon this kind of a false expression of opinion, and in this respect it sufficiently states a cause of action." When we look at the facts in the present case we find testimony that plaintiff's assignor represented he had "a new stock of merchandise" "a little over $38,000 of stock," and again "Everything new and everything salable" and other similar expressions. The respondent's testimony also established that much of the stock was shop-worn and second-hand clothing, that cheap shoes were placed in boxes made for and usually containing much higher priced footwear and that a large proportion thereof was not new and was not good or salable as that expression would ordinarily be interpreted when applied to a stock of new merchandise; that the only way the respondent could have discovered the defects would have been a thorough investigation of the stock, which he was led to neglect on account of the necessity for quick action and the tears of the plaintiff's assignor. We are satisfied that the trial court had the right under all of the circumstances to determine that the representation was one of fact and that the evidence is sufficient to sustain its finding.

It is therefore unnecessary for us to determine whether the evidence is sufficient to sustain the finding that the other representations were false, for the rule of law applicable is: That a single wilful misrepresentation of a material fact, if believed and relied upon, is as effective as a multitude. (*Davis* v. *Butler,* 154 Cal. 623 [98 Pac. 1047].)

We must, however, consider the argument advanced by appellant that the statement in respondent's contract with the Board of Trade to the effect that no representations of any kind respecting the quality or condition of the goods

were made forecloses the respondent of any complaint on the ground that false statements were made by plaintiff's assignor. We may assume that the clause now referred to and quoted in an earlier part of this opinion might bar the respondent from asserting a similar claim against the Board of Trade. But we are not here dealing with that contract. We are here concerned with and the respondent defended against another and separate understanding entered into with plaintiff's assignor. The court has found that the inducing cause of this separate obligation was the fraud of the obligee. It cannot be seriously contended that the waiver (if in law there is one) in favor of the Board of Trade can be broadened to cover the defense to the instant cause of action.

Judgment affirmed.

Craig, Acting P. J., and Gates, J., *pro tem.*, concurred.