10 Cal.2d 671 (1938)
UNION FLOWER MARKET, LTD. (a Corporation), Appellant,
v.
SOUTHERN CALIFORNIA FLOWER MARKET, INC. (a Corporation), et al., Respondents.
L. A. No. 16422. 
Supreme Court of California. In Bank. 
February 16, 1938.
 Lorrin Andrews, Fred W. Heath and Montgomery G. Rice for Appellant.
 J. Marion Wright, Biby & Biby and John E. Biby for Respondents.
 SEAWELL, J.
 This is an appeal from a judgment on the pleadings in favor of defendants.
 The defendants contend that the appeal should be dismissed or the judgment affirmed for failure of appellant to present a proper record on appeal. [1] Section 950, Code of Civil Procedure, provides that on appeal from a final judgment the appellant must furnish the court with a copy of the judgment roll, certified by the clerk or the attorneys (sec. 953, Code Civ. Proc.). By section 670, Code of Civil Procedure, it is provided that the judgment roll includes the pleadings. The answer is not included in the record filed in this court in the instant case. [2] But where judgment has been entered for defendants on the pleadings the sole question is whether the complaint states a cause of action. (Hibernia Sav. & L. Soc. v. Thornton, 117 Cal. 481 [49 P. 573]; Shanley v. American Olive Co., 185 Cal. 552 [197 P. 793]; Elmore v. Tingley, 78 Cal.App. 460 [248 P. 706].) [3] The appeal will not be dismissed for failure to include in the record on appeal a part of the judgment roll not material to determination of the appeal. (Paige v. Roeding, 89 Cal. 69 [26 P. 787].)
 [4] The judgment for defendants on the pleadings, according to its recitals, was entered upon "the complaint as amended by interlineation". On the complaint as copied in the record herein the interlineations appear as interlineations, bearing the initials of the trial judge in the margin. The clerk's certificate, by which the papers constituting the judgment roll or clerk's transcript are authenticated (sec. 953, Code Civ. Proc.), recites that said transcript contains a full, true and correct copy of the complaint and other instruments contained therein "together with the endorsements on said documents as the same now appear on file and/or of record in this office". The amendments by interlineation are endorsements on the complaint as originally filed.
 It is true that in its notice to the clerk to prepare the transcript the plaintiff asked that there be included in the *674 transcript "plaintiff's complaint filed herein on April 23, 1934", without adding the words "as amended by interlineation". But it affirmatively appears from the record that the complaint included therein is the complaint as thus amended upon which judgment was entered.
 [5] The clerk included in his transcript a copy of the minute order granting the defendants' motion for judgment on the pleadings. This order is not part of the judgment roll as defined by section 670, Code of Civil Procedure, and hence could not be authenticated by the clerk or properly included in the clerk's transcript (Martin v. Pacific Elec. Co., 195 Cal. 544 [234 P. 321]; Totten v. Barlow, 165 Cal. 378 [132 P. 749].) But since it appears affirmatively from the judgment that said judgment was entered pursuant to the granting of defendants' motion, it is not necessary that the order itself be included in the record on appeal. (Weeks v. Garibaldi South Gold Min. Co., 73 Cal. 599 [15 P. 302].) We conclude that without the minute order plaintiff has presented a sufficient record for determination of the appeal herein as a judgment roll appeal. Furthermore, the clerk's certificate is followed by a certificate of the trial judge, which authenticated the minute order. (Pierce v. Works, 171 Cal. 684 [154 P. 852]; Lake v. Harris, 198 Cal. 85 [243 P. 417]; Beck v. Barnes, 129 Cal.App. 187 [18 PaCal.2d 749].)
 [6] The defendants in this action are Southern California Flower Market, Inc., a corporation, and four individual defendants who are alleged to be directors and executive officers of defendant corporation and to have a large financial interest therein. Defendant corporation and plaintiff corporation are both engaged in the wholesale florist business in the city of Los Angeles. The wholesale flower market in said city is located on Wall Street, between East Seventh and East Eighth Streets. Plaintiff alleges that it is necessary that wholesale florists have their stands in this area to enable them to market their flowers.
 Plaintiff was a lessee of the premises known as 743 and 745 Wall Street. Defendant occupied adjoining premises. The charge of fraud against defendant corporation is that, through its officers and directors, it proposed that plaintiff and defendant consolidate, and falsely and fraudulently represented that it was "fully authorized" to "effect a consolidation" with plaintiff. Under said consolidation members of plaintiff *675 corporation would be received as members of defendant, with full rights and privileges, including stalls for exhibition and sale of flowers. Relying on this representation plaintiff disposed of its leases, vacated the premises and secured the consent of its members to consolidation. Plaintiff prays for compensatory damages in the sum of $250,000 and exemplary damages in the sum of $50,000, alleging that it has been forced to rent an inferior place of business outside the above-described flower market area and thereby has lost a number of its members.
 It appears from the complaint, however, that plaintiff knew, by reason of representations alleged in the complaint to have been made to it, that defendant corporation was not "fully authorized" to effect a consolidation. It is alleged that defendant officers and directors promised plaintiff that they "would use and exert their utmost efforts to secure the consent of the members of Southern California Flower Market, Inc. [defendant], to the consolidation". This allegation refers to a consent thereafter to be obtained. It thus appears affirmatively from the complaint that plaintiff corporation was informed that the defendant corporation had not yet secured the consent or authorization of its members to effect a consolidation. The complaint fails to state a cause of action against defendant corporation.
 [7] As to the individual defendants a different question is presented. We have referred above to the allegation that defendant officers and directors promised plaintiff that they would use and exert their utmost efforts to secure the consent of the members of defendant to the proposed consolidation. It is alleged that this promise was made by the individual defendants "in their individual capacities", and that it was made without any intention to perform the promise, and for the purpose of destroying plaintiff as a rival in business of defendant. It is also alleged that the individual defendants falsely represented that "there could be no doubt but that Southern California Flower Market, Inc., would so receive said members [i. e. of plaintiff]".
 After plaintiff, in reliance on said promise and representation, had surrendered its leases and ceased to function as a competitor of defendant corporation, the individual defendants refused to carry out their promises, it is averred. They refused to permit the members of plaintiff to become *676 members of defendant, and "did not use or exert their utmost or any efforts to secure the consent of the members" of defendant to consolidation, "but on the contrary said defendants urged the members of the said Southern California Flower Market, Inc., not to consent to consolidation of said markets and to refuse membership to the members of Union Flower Market, Ltd. [plaintiff]".
 [8] A promise made without any intention of performing it constitutes fraud. (Sec. 1572, subd. 4, Civ. Code; Lawrence v. Gayetty, 78 Cal. 126 [20 P. 382, 12 Am.St.Rep. 29]; Lundblade v. Boyes, 101 Cal.App. 741 [282 P. 399]; Snyder v. City Bond & Finance Co., 106 Cal.App. 745 [289 P. 859]; Benson v. Hamilton, 126 Cal.App. 331 [14 PaCal.2d 876]; Wilson v. Rigali, 138 Cal.App. 760 [33 PaCal.2d 455].)
 The allegations as to the promise of the individual defendants herein to exert their utmost efforts to secure consent of the members of defendant corporation to a consolidation, made without any intention of performing it and for the malicious purpose of destroying plaintiff as a business rival, coupled with their alleged false representation that there "could be no doubt but that Southern California Flower Market, Inc., would so receive said members [i. e. of plaintiff]", constitutes an averment of actionable fraud on the part of the individual defendants. [9] It is true that this representation was in a sense a statement of opinion. But a false statement of opinion fraudulently made may form the basis of an action, as where the party making it possesses superior knowledge or special information regarding the subject-matter of the representation. (Russell v. Roscoe, 106 Cal.App. 293 [289 P. 185]; Sears v. Myerson, 106 Cal.App. 220 [289 P. 173]; Eade v. Reich, 120 Cal.App. 32 [7 PaCal.2d 1043]; Antognini v. Grandi Co., 89 Cal.App. 628, 645 [265 P. 378].) In the instant case the individual defendants, as directors, officers and holders of a large financial interest in the corporation, had superior means of ascertaining and influencing the views of the members of the corporation concerning a consolidation.
 The judgment on the pleadings in favor of defendants is affirmed as to defendant corporation. As to the individual defendants it is reversed. As to said individual defendants, the nonappealable minute order for judgment on the pleadings *677 in so far as it relates to them will fall with the reversal of the judgment entered thereon.
 Houser, J., Shenk, J., Waste, C.J., Langdon, J., Edmonds, J., and Curtis, J., concurred.