**MILLER et al. v. NATIONAL SAVINGS & TRUST CO. et al.**

No. 10280.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 2, 1950.

Decided March 20, 1950.

Mr. Lawrence Mills, Jr., Washington, D. C., with whom Mr. Martin F. O'Dono-ghue, Washington, D. C., was on the brief, for appellants.

Mr. John M. Lynham, Washington, D. C., with whom Messrs. Arthur P. Drury and John E. Powell, Washington, D. C., were on the brief, for appellee National Savings & Trust Co.

Messrs. Austin F. Canfield and Ralph F. Berlow, Washington, D. C., entered appearances for appellees Hyman Zoslow and David Zoslow.

Before PRETTYMAN, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This suit was brought for damages for breach of contract by the lessees of property for which the defendant bank was acting as the agent of the owners. The lease provided that "in the event the Lessors at any time during the term hereby created should receive an offer of purchase of said property * * * and the Lessors should accept said offer and sell * * * then and in such event the Lessors hereby reserve, and shall have the right at any time during the term of this Lease to terminate the same upon giving ninety (90) days' written notice to the Lessees, either in person or by leaving the same upon the premises, of its intention so to do, and upon the expiration of said period of ninety (90) days, the Lessees covenant and agree to vacate and surrender the said leased premises to the Lessors." The defendant prepared a notice to quit, which was served upon the lessees, stating that "a contract of sale of this property to a bona fide purchaser has been duly signed," and giving ninety days notice to vacate the premises. The lessees accepted this notice and actually vacated on the date specified. They later found that although the defendant had entered into a contract of sale, prior to the rendering of the notice, covering in terms the entire estate, and with the purchasers assuming the obligation to pay the entire purchase price, a one-fifth undivided interest in the premises was held by a trust estate for which at that time there was no trustee, the prior trustee having died and no substitute having been appointed. A substitute trustee was

appointed after the lessees vacated the premises. In due course he affirmed the transaction and received the balance of the payment.

The District Court on motion granted summary judgment in favor of the defendant. We must affirm, whether or not the notice be deemed to comply fully and exactly with the terms of the lease. There is no allegation or proof of bad faith on the part of the bank or of the actual owners of the premises. The lessees acted upon the notice and vacated the premises without investigation or objection. There being no fraud and there being in fact a voluntary departure by the lessees, we consider that under all the circumstances the present action is not maintainable. Greater Boston Bowling Alleys, Inc., v. Olympia Theatres, Inc., 255 Mass. 477, 152 N.E. 46. The District Court's action in granting summary judgment for the defendants is accordingly

Affirmed.