**Marvin PULLIN, Appellant,**

v.

**PARRISH FARMS, INC., Appellee.**

No. 13408.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 25, 1959.

Rehearing Denied March 25, 1959.

Bridges & Oxford, Mission, for appellant.

Rankin, Cherry & Martinez, Edinburg, for appellee.

POPE, Justice.

Parrish Farms, Inc., filed this trespass to try title suit against Marvin Pullin and the trial court granted plaintiff's motion for summary judgment. The case primarily concerns the right of possession. Plaintiff pleaded two counts, but its motion for judg-

ment relied only upon the second count. During 1955, Bentsen Development Company, a partnership, leased some Hidalgo County farm lands to Marvin Pullin for a period of five years. In the lease agreement the lessor reserved these powers to terminate the lease:

"In the event of sale by Lessor of any part or parts or all of the above described property, and the right to sell is hereby reserved, Lessor shall have the right to terminate this contract prior to the expiration date set out above on the following basis: Lessor shall give to Lessee a notice in writing setting out therein the description of such lands on which he desires to terminate this lease which will be effective immediately as of the date of such notice on all lands described not then planted in crops. On lands planted to crops, however, Lessee shall have the right to mature the growing crop or crops and harvest same and the termination of the lease will be effective on such parts of the land as soon as crops growing thereon can be harvested. However, on any lands not then planted to crops, Lessor shall reimburse Lessee a reasonable price for any work done on the said lands in preparation for the planting of same. Lessee shall give Lessor at least 10 days written notice of planting prior to planting any crop herein provided for."

On February 11 and 12, 1957, lessor orally negotiated the sale of the north half of the lands to James W. Parrish, individually, and also negotiated the sale of the south half to Emil C. Duensing. Deeds were prepared bearing date February 11, 1957, together with notes and deeds of trust, copies of which were part of plaintiff's motion for summary judgment. Several days after February 11 the conveyances were made. On February 11, 1957, Bentsen Development Company gave Pullin written notice that his lease was terminated. Thereafter, Parrish and Duen-

sing instituted an action against Pullin by way of forcible entry and detainer. The case was tried, and a verdict in favor of defendant was returned, but no judgment was entered. Pullin v. Parrish, Tex.Civ. App., 306 S.W.2d 241. Thereafter, Parrish and Duensing both conveyed their properties to Parrish Farms, Inc. On February 21, 1958, Bentsen Development Company gave a new notice to Pullin that the property had been sold and again notified him that the lease was cancelled. The second notice is the basis for the motion for summary judgment.

■ Pullin's first point of error is that "The Court erred in entering a Judgment for the Plaintiff because the Plaintiff has not shown that he is entitled to the possession of the property in controversy." The point is too general. Rule 418(b), Texas Rules of Civil Procedure; McWilliams v. Muse, Tex., 300 S.W.2d 643; Missouri-Kansas-Texas Railroad Co. v. McFerrin, Tex., 291 S.W.2d 931. Under this general point Pullin suggests by statement, that the justice's court verdict was res judicata as to the earlier notice to vacate in 1957, but his brief does not argue nor cite authorities that it was res judicata as to the notice to vacate given in 1958, which was the count upon which plaintiff relied.

Pullin next argues that there was no showing of a bona fide sale. The deeds, notes and deeds of trust concerning the sales from Bentsen Development Company to Parrish and to Duensing are attached to the motion for summary judgment. The deeds from Parrish and Duensing to Parrish Farms, Inc., are also attached. Pullin's sworn reply to the motion for summary judgment does not reveal that he challenged the validity of the sale nor charge that it was simulated. To the contrary, he swore that "The Plaintiff in this case has acquired the rights of the Plaintiff in those cases and only such rights as those parties had, and being successors in title are bound by such Judgment." Pullin's position throughout the hearing was

that because there was a sale, Parrish Farms, Inc., succeeded to the rights of Bentsen Development Company, and only Parrish Farms, Inc., could give notice to vacate.

■ Pullin next argues that the court erroneously granted the summary judgment because the notice of cancellation provided in the lease was given by the original lessor, who, after the sale, was a stranger to the title, and that the vendee should have given the notice. Close examination of the option to cancel contained in the lease, shows that it contemplated that there be a sale by the lessor, following which "Lessor shall give to Lessee a notice in writing * * *". Those were the steps detailed, and those were the steps taken. Under such an option agreement, a landlord may exercise the option to terminate the lease after he has conveyed title. 51 C.J.S. Landlord and Tenant § 93; Lewis v. Agoure, 8 Cal.App. 146, 96 P. 327; McClung v. McPherson, 47 Or. 73, 81 P. 567, 82 P. 13; 163 A.L.R. 1023; 116 A.L.R. 932; 35 A.L.R. 528.

Finally, Pullin makes the point that Bentsen Development Company, as lessor, could not exercise the option to terminate the lease without tendering to him the amount of damages for work on the land. We find some difficulty in understanding appellant's brief, since all the points, though unrelated, are treated together; and it is necessary with each point to read the entire brief. Upon doing so, we find that some points are mentioned casually and indirectly and some not at all. In any event, the duty upon Bentsen Development Company to pay damages is not a condition precedent to cancelling the lease. Miami Co-op. Mining Co. v. Cherokee Coal Co. 96 W.Va. 11, 122 S.E. 286, 35 A.L.R. 514; Binder v. Gunsenhiser, 217 Mass. 518, 105 N.E. 459; Burg v. Harris, 72 Cal.App. 379, 237 P. 399; Brewster-Greene v. Robinson, 34 Ariz. 547, 273 P. 538; 35 A.L.R. 514, 518, 543.

The judgment is accordingly affirmed.