JAMES W. BARTLETT & wife *vs.* A. W. FARRINGTON.

Suffolk.   March 16. — May 5, 1876.   COLT & LORD, JJ., absent.

Repeated entries by the lessor upon leased premises, and carrying away of crops, cutting down a fruit tree, and removing a cooking stove from the house, though acts of trespass, do not amount in law to an eviction of the tenant.

Damages suffered by a lessee by the lessor's trespasses upon the leased premises cannot be set up by way of recoupment, in an action by the lessor for the rent reserved.

MORTON, J.   To constitute an eviction which will operate as a suspension of rent, there must either be an actual expulsion of the tenant, or some act of a permanent character, done by the landlord with the intention and effect of depriving the tenant of the enjoyment of the demised premises or some part of it, to which he yields, abandoning the possession within a reasonable time. *Royce* v. *Guggenheim*, 106 Mass. 201. *De Witt* v. *Pierson*, 112 Mass. 8. *Mirick* v. *Hoppin*, 118 Mass. 582.

In the case at bar, the defendant occupied the demised premises under a lease for three years, commencing July 1, 1874, until September 26, 1874, when he left the premises. This suit is for the quarter's rent due October 1, 1874. The defendant's evi-

dence tended to show that the plaintiffs from time to time entered upon the premises and gathered the flowers and the annual crops, cut down a partly decayed apple tree, and, on the day when the defendant vacated the house, removed a cooking stove from the kitchen. These were not acts done by the landlord with the purpose and effect of permanently depriving the tenant of the enjoyment of the premises. If they were not justifiable under some agreement with the tenant, they were trespasses for which he has an action at law, but they did not amount to an eviction which excuses him from payment of the rent. The rulings at the trial upon this point were correct.

Treating these acts of the plaintiffs as trespasses, the court rightly ruled that the defendant could not in this action recoup the damages he sustained by reason of them. As stated by Bigelow, C. J., in *Sawyer* v. *Wiswell*, 9 Allen, 39, one of the essential elements upon which the right to recoup depends is " that the damages which the defendant seeks to set off shall have arisen from the same subject matter, or sprung out of the same contract or transaction as that on which the plaintiff relies to maintain his action." In this case the plaintiffs' claim is for rent under the covenants of a lease; the defendant seeks to set off damages sustained by a trespass or trespasses. The two causes of action are independent, and do not arise out of the same contract or cause of action, within the principle which allows a recoupment. *Exceptions overruled.*

*I. W. Richardson*, for the defendant.

*N. B. Bryant*, for the plaintiffs.