JOHN E. BROWN & others *vs.* HOLYOKE WATER POWER COMPANY.

Hampden.    September 23, 1890. — November 25, 1890.

Present : FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Tenancy at Will — Breach of Contract — Eviction.*

A room, containing shafting and a pulley, and power for running machinery in the room by means of a connecting belt, were let together in one contract to a manufacturer, as tenant at will. The landlord without terminating the tenancy threw off the belt, stopped the tenant's business, and obliged him to vacate the room. *Held,* in an action brought by him against the landlord, that the right to power was appurtenant to the room, and that there was a breach of the implied contract for quiet enjoyment, and an eviction, entitling him to substantial damages.

TORT, with a count in contract, to recover damages for interrupting the plaintiffs' business by cutting off the power. Trial in the Superior Court, before *Dewey,* J., who reported the case for the determination of this court, in substance as follows.

The plaintiffs, who were manufacturers of mattresses and stock for mattresses, by an oral agreement hired a room from the defendant containing shafting and a pulley, and power sufficient to operate their machinery, at a monthly rent, for the purpose of carrying on their business. They took possession and began to use the premises about August, 1888, and continued to do so and to pay the rent each month until January 1, 1889. The power was transmitted from another room of the defendant by means of a belt connecting with the pulley in the plaintiffs' room. The room and the power combined were of much value to the plaintiffs, and the room was of no value without the power. On January 1, 1889, without giving the plaintiffs any valid notice to quit, or any warning as to what it intended to do, the defendant, in order to stop the plaintiffs from conducting

their business and to oblige them to vacate the room, threw off the belt by which the power was transmitted, and stopped their business. The plaintiffs had contracts with different persons to take their manufactured product, which they were unable to fill, and lost the profits which they would have made if their business had not been interrupted. The plaintiffs also had goods in process of manufacture which were rendered valueless.

The judge ruled that the plaintiffs were only entitled to nominal damages, and ordered a verdict therefor. If the ruling was right, the verdict was to stand; otherwise the verdict was to be set aside, and a new trial granted.

*T. B. O'Donnell*, for the plaintiffs.

*G. Wells & W. W. McClench*, (*J. Barnes* with them,) for the defendant.

KNOWLTON, J.    The plaintiffs hired of the defendant a room in which were shafting and a pulley, connected by a belt with another part of the defendant's premises, in such a way as to furnish power — which we infer to have been water power — for the running of machinery in the room hired by the plaintiffs. The room and power were let together in one contract, and the report indicates that the room was so situated in reference to the source of power, and so connected with it, that the right to have the power which would be furnished through the belt in the ordinary way was appurtenant to the plaintiffs' room, which by the contract of the parties was treated as a part of the premises let. Without having terminated the plaintiffs' tenancy, the defendant threw off the belt, and kept it off, with a view to stop the plaintiffs' business, and to oblige them to vacate the room. This was a breach of the defendant's implied contract for quiet enjoyment, and an eviction of the plaintiffs from an important part of the premises let, which entitle them to recover such damages as they suffered from the defendant's unlawful act. *Dexter* v. *Manley*, 4 Cush. 14. *Royce* v. *Guggenheim*, 106 Mass. 201. *Sherman* v. *Williams*, 113 Mass. 481. The tenancy at will might have been terminated in a short time by proper proceedings; but until it was terminated, the plaintiffs could not lawfully be deprived of the enjoyment of any part of the premises hired.

*Verdict set aside.*