### J. C. McCURDY v. JACOB WYCKOFF.

Argued February 20, 1906—Decided June 11, 1906.

If a landlord who has rented an apartment in his apartment-house permits the main drain pipe of the building to become and remain clogged with offensive matter dangerous to the health of the tenant of such apartment, and fails after notice to remedy this condition, wherefore the tenant moves out, proof of such facts will be evidence of an eviction that may relieve the tenant from the payment of rent accruing after his removal.

On appeal from the District Court.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *William L. Edwards.*

For the appellee, *Lehlbach & Johnson.*

The opinion of the court was delivered by

GARRISON, J. This action was brought in the Second District Court of the city of Newark to recover damages for a breach of a covenant to pay rent. The demised premises were a suite of apartments in an apartment-house owned by the plaintiff. The defence was an eviction by reason of the maintenance by the plaintiff of a nuisance on the demised premises. This defence is good if made out. *Weiler* v. *Pancoast,* 42 *Vroom* 414.

The facts proved as constituting such nuisance were that the main waste pipe of the building was permitted to become and remain for a long period of time clogged with sewage offensive to the senses and inimical to the health of the defendant.

According to the state of the case, the District Court decided that a landlord may evict a tenant by a constructive eviction consisting of a wrongful act of omission that substantially interferes with the tenant's possession; that at the time the plaintiff took title to the premises, the defendant was in possession under a covenant of quiet enjoyment, which was broken by the existence of a nuisance such as that established by the defendant's proofs; that the plaintiff should have repaired the drain pipe (which implies that he had the knowledge from which this duty arose), and that his failure to do so rendered the demised premises dangerous to defendant's health.

There being nothing in the state of the case to show that the findings of facts necessary to sustain the conclusions were not supported by testimony, the judgment brought up by the appeal must be affirmed.