Grafton,  }
April 2, 1907.  }

## CASSIDY v. RICHARDSON.

A declaration is demurrable when it is impossible to ascertain from it the nature of the action or the ground upon which it proceeds.

In an action for breach of covenant for the quiet enjoyment of leased premises, the covenant should be set out in the declaration and its breach alleged.

ACTION AT LAW. The declaration is as follows: "In a plea of the case, for that the said defendant, on December 13, 1894, leased to the said plaintiff a part of the Northern Hotel, so called, situated on Main street in said Littleton, as a boarding-house; that in October or November, 1905, the said lease was continued for one year, supplemented by some minor agreements on the part of each (a copy of which lease the plaintiff does not have); that on June 15, 1906, because of the willful and malicious conduct of the said plaintiff, on divers times during said lease, in breaking and entering the tenements of the said defendant, assaulting and viciously treating occupants thereof, making slanderous and brutal assaults upon the said plaintiff, and constantly trespassing willfully upon the premises and rights of the said plaintiff; and because of the damages and dangers to the said plaintiff occasioned and threatened thereby, the said plaintiff was obliged to and did quit the said premises and abandoned the said lease; that because of the conduct on the part of the said defendant and the quitting of the premises and abandonment of the said lease by the said plaintiff, all as aforesaid, the said plaintiff suffered great damages, in loss of trade and profits from the boarding-house business which she carried on in said hotel, and had during term of said leases; in loss of the summer trade in said business for the season of 1906, and the profits to accrue therefrom; and in loss of peace and comfort and health of mind and body."

The defendant's demurrer was overruled by *Chamberlin*, J., at the September term, 1906, of the superior court, subject to exception.

*Harry L. Heald*, for the plaintiff.

*Batchellor & Mitchell* and *Smith & Smith*, for the defendant.

BINGHAM, J. The demurrer should have been sustained. It is impossible to ascertain from the declaration the nature of the action

or the ground upon which it proceeds. It is wholly a matter of conjecture as to what is relied upon as the ground of complaint. It may be that the action is for trespass to the person, or that it is for trespass to land with aggravated damages on account of the plaintiff's eviction and exclusion from the land by the defendant (*Shaw* v. *Hoffman*, 25 Mich. 162), or, as suggested in the plaintiff's brief, her action may be founded upon a covenant, express or implied, for the quiet enjoyment of certain leased premises, and the breach of the covenant by the defendant by reason of his entering upon and evicting her from the premises prior to the termination of the tenancy. If the last ground is the one relied upon, the plaintiff should have set out the covenant in her declaration and alleged its breach in accordance with the legal requirements in such actions. *Skally* v. *Shute*, 132 Mass. 367; *Brown* v. *Company*, 152 Mass. 463; *Beebe* v. *Swartout*, 3 Gilman 162, 179–181; *Keating* v. *Springer*, 146 Ill. 481; *Sanderson* v. *Berwick-upon-Tweed*, 13 Q. B. Div. 547, 551; 1 Tay. L. & T. (9th ed.), ss. 308, 309, 309a; 2 Chit. Pl. (16th Am. ed.) 200, 201; 5 Enc. Pl. & Pr. 362–373.

*Exception sustained.*

All concurred.