FRANK JOSEPH TRACY *vs.* ANNA LONG.

SAME *vs.* SAME.

Suffolk.    November 6, 1935. — September 8, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Landlord and Tenant,* Eviction.

A ruling, that the lessee of an apartment in a building under a lease which required the lessor to supply him with hot water was evicted when the lessor cut off the hot water from his apartment for a few days, whereupon the lessee vacated the premises, was not required where it appeared that the lessor cut off the water because of acts of the lessee done with intent to break the lease.

TWO ACTIONS OF CONTRACT. Writs in the Municipal Court of the City of Boston dated June 1, 1934, and September 25, 1934.

The actions were heard together by *Devlin,* J., who found for the plaintiff in the first action in the sum of $55, and in the second action in the sum of $199.52. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*B. Gargill,* for the defendant.

*C. M. Goldman,* for the plaintiff.

DONAHUE, J. The plaintiff has brought two actions in which he seeks to recover from the lessee an amount alleged

to be due under a written lease as the rent of an apartment for the months of June, July, August and September, 1934, and for expenses incurred in its reletting. The cases were tried together in the Municipal Court of the City of Boston where the judge found for the plaintiff and reported to the Appellate Division in a consolidated report his refusal to give certain requests for rulings filed by the defendant. The Appellate Division ordered the report dismissed.

There was evidence warranting the finding of the following facts. The term of the lease began September 1, 1933, and expired on August 31, 1935. It contained a covenant that the plaintiff would supply the apartment with hot water. The defendant, in February, 1934, requested permission to surrender the premises but the plaintiff refused. On May 1, 1934, the defendant notified the plaintiff that she intended to vacate the apartment on June 1, but she did not do so. About June first or second all the other tenants of the building notified the plaintiff that they were unable to obtain hot water in their apartments. There were sounds of water being continuously run in the defendant's apartment. On June 3, the plaintiff was refused admission to the defendant's apartment. On the same day he sent her a telegram charging that by the running of hot water continuously in her apartment other tenants were unable to get any, and notifying her that unless she restricted her use of the hot water to ordinary needs the supply to her apartment would be shut off. On the next day, the conditions at the building continuing the same, the plaintiff disconnected the pipe supplying hot water to the apartment, leaving no practical way of obtaining hot water in that apartment. When the pipe was disconnected the other tenants were able to get hot water in their apartments. On June 8, the defendant's attorney notified the plaintiff that she intended to move out and on the same day she did so. The judge found, and the evidence warranted the findings, that the defendant desired to break her lease and caused the hot water to run, exhausting the supply so that the plaintiff was obliged to disconnect the water supply to her apartment in order to fulfill his obligations to his other tenants.

The defendant has argued before us only a request for ruling which read: "Having terminated the lease and evicted the lessee, the plaintiff under the terms of the lease had no further claim against the lessee." This the judge denied, stating that the request assumed facts which he did not find. We treat the other requests for rulings as waived. The defendant's brief states that "The sole question presented . . . is whether the acts done by the plaintiff constituted an eviction as a matter of law."

The burden of proving that the lease was terminated by a constructive eviction was on the defendant. *Rome* v. *Johnson*, 274 Mass. 444, 450, and cases cited. But the defendant contends that, since it was admitted by the plaintiff that the lease contained his covenant to supply the apartment with hot water and further admitted that he disconnected the pipe, leaving no practical way of supplying the apartment with hot water, the judge was obliged to rule as matter of law that the plaintiff's act constituted, upon the defendant's abandonment of the premises, a constructive eviction.

There may be acts of a landlord interfering with his tenant's use and enjoyment of demised premises which in themselves are so unmistakable in significance, purpose and effect that they can be ruled as matter of law to constitute a constructive eviction upon the abandonment of the premises by the tenant. On the facts disclosed by the present record the conduct of the plaintiff was not so unequivocal in character or effect that such a ruling should have been made.

It has frequently been said that in order to constitute a constructive eviction there must be some act of permanent character done by the landlord with the intent and effect of depriving the tenant of the enjoyment of the premises or some part thereof, to which the tenant yields, abandoning the premises within a reasonable time. *Royce* v. *Guggenheim*, 106 Mass. 201, 202. *Voss* v. *Sylvester*, 203 Mass. 233, 240. *Greater Boston Bowling Alleys, Inc.* v. *Olympia Theatres, Inc.* 255 Mass. 477, 479. *Shindler* v. *Milden*, 282 Mass. 32, 33.

Not every act done by a landlord which interrupts or

interferes with the tenant's use and enjoyment of his lease-hold may at the election of the tenant produce the legal consequence of an actual physical eviction. In order to have that result the acts of the landlord must have some degree of substance and permanence of character. Conduct of a landlord which is slight or temporary in effect may give a tenant a right to some legal redress without permitting him at his election to treat that conduct as a constructive eviction. *Fuller* v. *Ruby*, 10 Gray, 285, 290. *Bartlett* v. *Farrington*, 120 Mass. 284. *Lumiansky* v. *Tessier*, 213 Mass. 182, 186. *Longwood Towers Corp.* v. *Doyle*, 267 Mass. 368, 372. See *Winchester* v. *O'Brien*, 266 Mass. 33, 37, 38.

The defendant bases her contention, that there was as matter of law a constructive eviction, upon a single act of the plaintiff, the disconnection of the pipe, whereby she was deprived of hot water for three or four days before she moved out. The act of the plaintiff, viewed by itself, disassociated from attendant circumstances, was not necessarily one of a substantial or permanent character. The disconnecting of such a pipe and its reconnecting are apparently simple operations. The mere fact that hot water is for a time shut off from one apartment in an apartment house does not compel the conclusion that the effect was substantial or permanent. There was no evidence, binding on the plaintiff, of the actual effect of the lack of hot water for a few days on the defendant's enjoyment of the premises or of any complaint of the deprivation made by her. Assuming that lack of hot water in an apartment due to an act of the landlord, if continued for a sufficient length of time, would under some circumstances warrant the conclusion that the effects of the act were substantial and permanent in character, on the facts as the judge here might have found them he was not obliged so to rule as matter of law.

When it is said that in order to constitute a constructive eviction there must be an intent on the part of the landlord to deprive the tenant of the premises it is not meant that there must be such an actual intention in the mind

of the landlord. It may be inferred from the character of his acts if their natural and probable consequence is such as to deprive the tenant of the use and enjoyment of the premises let. *Skally* v. *Shute*, 132 Mass. 367, 372. The bare fact that the defendant in this case was without hot water in her apartment for three or four days does not compel the conclusion that such was the natural and probable consequence of the plaintiff's act. The circumstances surrounding the act must be considered. In *Lumiansky* v. *Tessier*, 213 Mass. 182, 186, where it was held that the physical expulsion of a tenant did not deprive the tenant of any substantial beneficial use of the premises, it is said: "While a landlord must be presumed to intend the natural consequences of his conduct, all the circumstances must be taken into account in determining whether there has been an actual expulsion of the tenant with the intent and effect of depriving him of the enjoyment of the demised premises or some substantial part of it." In the present case the judge, giving consideration to circumstances created by the defendant and existing at the time the water was shut off, was justified in refusing to find that the plaintiff acted with the intent and effect to deprive the defendant of the use and enjoyment of the apartment.

There was no error in refusing to give the ruling requested.

*Order dismissing report affirmed.*