WESTLAND HOUSING CORPORATION *vs.* RAYMOND F. SCOTT.

SAME *vs.* SAME.

Middlesex.   April 7, 1942. — November 13, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Landlord and Tenant,* Eviction, Construction of lease. *Practice, Civil,*
Appellate Division: filing of copies; Discretionary control of evi-
dence. *Res Judicata. Intent. Evidence,* Presumptions and burden of
proof, Relevancy. *Witness,* Cross-examination, Leading questions.

No error appeared in the denial by an Appellate Division of a motion
that a report by a District Court judge be dismissed on the ground
that the parties requesting the report had not filed additional copies
of the report until after the expiration of the fifteen days fixed for
such filing by Rule 31 of the Rules of the District Courts (1932).

A defence of eviction through failure to correct a certain injurious condi-
tion of leased premises, set up by the lessee in an action for rent, was
not barred by provisions of the lease that "no alleged failure to make
any repairs or to keep the premises in any condition, shall constitute
a defence to any action brought by the lessor on the contract con-
tained in this lease," and that there should not be "any cancella-
tion of this lease so as to discharge the lessee's liability for rent here-
under save only by the making of a written agreement."

The issue of fact, whether a lessee had been constructively evicted,
raised by him in defence to an action by the lessor for rent, was not
res judicata by reason of a judgment for the lessor in an action of
tort against him by the lessee for wrongful eviction, where eviction
was not passed on as a question of fact but the judgment was based
solely on a ruling that as matter of law recovery was barred by the
terms of the lease.

From the fact that the landlord of an apartment building failed for over
two months to remedy an injurious condition of smoke, soot, oil and
fumes rising from a newly installed oil burner in the basement into a
leased first floor apartment, causing the tenant thereof to vacate
within a reasonable time, it must be presumed that the landlord
intended deprivation of the tenant of his use and enjoyment of the
apartment, which was the natural and probable consequence of such
failure, and a finding of a constructive eviction was warranted.

A tenant's remaining in an apartment for over two months in reliance
upon unfulfilled promises by the landlord to remedy conditions which
deprived the tenant of the intended use and enjoyment of the premises
did not preclude a finding of a constructive eviction on the ground
that the tenant, acting reasonably, should have vacated earlier.

In an action for rent defended on the ground that the defendant had been constructively evicted by the plaintiff's failure to remedy an injurious condition of the premises, testimony by a witness that he had observed such condition after the tenant vacated the premises was admissible in the discretion of the trial judge.

No error was shown in allowing a party called as a witness by the opposing party to be asked leading questions by his own counsel.

Two ACTIONS OF CONTRACT. Writs in the Third District Court of Eastern Middlesex dated March 4 and April 3, 1937.

The first hearing of the actions was by *Green,* J., and the second by *Counihan,* J.

*J. I. Moskow,* for the plaintiff.

No brief nor argument for the defendant.

DOLAN, J. These are two actions of contract brought to recover rent alleged to be due the plaintiff, hereinafter referred to as the landlord, from the defendant, hereinafter described as the tenant, under the terms of a written lease of an apartment in premises owned by the former. The actions were first tried in the District Court together with an action of tort brought by the tenant to recover damages alleged to have been caused by his eviction from the apartment by the landlord. The judge found for the landlord in all of the cases, ruling, contrary to the requests of the tenant, that the tenant's action was barred by the terms of the lease, and that under its terms he was barred from setting up eviction as a defence to the landlord's actions for rent. The three cases were reported to the Appellate Division in a consolidated report. The landlord moved in the Appellate Division that the report be dismissed for failure of the tenant to file copies of the report within the time fixed by Rule 31 of the District Courts (1932). The copies had been actually filed after the time fixed in Rule 31. The motion was denied and the landlord appealed.

Thereafter the Appellate Division ordered the report remanded for "amplification, correction or other amendment," and the judge filed a supplemental report in the following terms: "I did not pass upon the question of eviction as fact. I intended to dispose of the cases by ruling that as matter of law the lease between the parties was in

itself a bar to a recovery in the tort action for wrongful eviction and for the same reason wrongful eviction was not a defense in the contract actions." The cases again came before the Appellate Division. In the tenant's case an order was entered dismissing the report and that case went to judgment. In the cases of the landlord now before us the Appellate Division entered an order deciding that there was prejudicial error in the ruling of the trial judge, to which we have already referred, and ordering that the findings for the landlord be vacated and that the cases stand for new trial. They were subsequently tried together anew and were reported to the Appellate Division.

Material facts disclosed by the report follow: On September 10, 1936, the parties entered into a written lease of an apartment in Ware Hall, Cambridge. Pertinent provisions of the lease are these: "WITNESSETH, that the Lessor leases to the lessee the apartment numbered 105 in the building numbered 383 Harvard Street, Cambridge . . . . YIELDING AND PAYING therefor rent at the rate of $52.50 . . . per month the first payment of $52.50 to be made on the first day of October 1936 and a like sum on the first day of every month thereafter in advance. . . . No alleged failure to make any repairs or to keep the premises in any condition, shall constitute a defense to any action brought by the lessor on the contract contained in this lease. . . . And the lessee covenants and agrees that there shall be no acceptance by the lessor of a surrender of these premises, nor any cancellation of this lease so as to discharge the lessee's liability for rent hereunder save only by the making of a written agreement to accept such surrender or cancellation signed by the lessor; but in no case shall any imputed oral agreement release the lessee from his liability."

The tenant occupied the premises until February 16, 1937, on which day he vacated the premises due to the alleged constructive eviction. The tenant paid the rent in full up to February, 1937. He paid only $22.50 in February and nothing in March and April. The present actions were brought to recover the rents due for those months.

The apartment in question was located on the first floor

above the boiler room of the apartment house. At the time the tenant moved into the apartment the premises were heated with soft coal. Shortly thereafter the landlord installed an oil burner to be used to heat the building with oil instead of coal. The oil burner was installed to improve the heating conditions and the type of burner used was one of the best on the market. The burner was operated for the first time in the first week of December, and smoke, soot, and oil came into the tenant's apartment through openings around the pipes, in the baseboards, and the floor of the tenant's apartment and caused damage to the tenant's furniture and clothing. This was due to a defect in the "boiler," which the landlord endeavored to remedy without success, and smoke and soot continued to come into the apartment until the tenant vacated it on February 16.

On January 5 the tenant called in a doctor to attend him and his wife. The doctor testified that he treated both the tenant and his wife for headaches, dizziness and sore throat, that he attributed their condition to the soot, smoke and fumes, and that he advised the tenant, whom he visited five or six times, to vacate the premises, otherwise his health would be seriously impaired. Promises were made by the landlord to remedy the situation and some attempt was made to carry them out but without success up to the time the tenant left the premises.

The judge found for the tenant in each case, granting two of the landlord's twenty-eight requests for rulings and denying the remainder to the effect, so far as here pertinent, that the terms of the lease barred the tenant's defence of eviction; that the prior action by the tenant for damages adjudicated that there was no eviction; and that the evidence would not warrant a finding that the tenant had been evicted from the premises or that he vacated the premises within a reasonable time.

On January 6, 1941, the Appellate Division ordered that the finding for the tenant be vacated and judgment entered for the landlord in each case in a fixed amount. On January 13 the tenant filed a motion for rehearing, and on January

21 the Appellate Division ordered the clerk of the District Court to make the following entry in each case: "Opinion recalled for corrections." On March 4, 1941, the motion for rehearing was allowed and an order entered directing the clerk of the District Court to make the following entry in each case: "The case to stand for further hearing." On October 1, 1941, an order was entered dismissing the report in each case, and the landlord appealed.

With respect to the landlord's appeal from the order of the Appellate Division denying its motion that the first report be dismissed for failure of the tenant, who claimed that report, to file additional copies of the report within fifteen days after its allowance, as required by Rule 31 of the District Courts (1932), it appears that at the time the motion was presented the additional copies had in fact been filed, but after the expiration of the time fixed by Rule 31. Rule 31 of the District Courts (1932) so far as pertinent provides as follows: "After notice of the allowance or establishment of a report, fifteen days shall be allowed the parties for filing briefs with the clerk of the Court whose ruling is in issue, unless upon good cause shown further time is allowed by the Appellate Division. The party seeking the report shall also file within said fifteen days three additional copies of the report as allowed or established. There shall be filed with said clerk four copies of each brief, together with one additional copy for each adverse party." There was no error in the denial of the motion. See *Boston Morris Plan Co.* v. *Barrett,* 272 Mass. 487, 489, 490, and cases cited.

We now approach the consideration of the questions presented for determination in connection with the appeal from the order of the Appellate Division dismissing the report after the second trial of the actions brought by the landlord.

1. We consider first the denial by the judge of the requested ruling of the landlord that the terms of the lease barred the defence of eviction. As to this subject matter the landlord contends that an interpretation of the provisions of the lease, hereinbefore set forth, that the lia-

bility for rent shall be conditioned on the premises being fit for occupancy is not permissible. We do not take that view. The terms of the lease to the effect that the landlord is under no obligation to repair the premises did not give it the right to evict the tenant actually or constructively and still to require payment of the rent which would otherwise become due. Nor does the provision that there shall be no cancellation of the obligation to pay rent without a written agreement confer any such right upon the landlord. Eviction as a defence to an action for rent is based upon the principle that the consideration for the rent, that is, the use and enjoyment of the premises demised, has failed, and that therefore the landlord cannot recover rent because he has failed to perform his part of the agreement. *Royce* v. *Guggenheim*, 106 Mass. 201, 202. *Smith* v. *McEnany*, 170 Mass. 26, 27. *Moore* v. *Mansfield*, 182 Mass. 302, and cases cited. The tenant is excused from the obligations of his covenants in the future if the landlord evicts him. 3 Williston, Contracts (Rev. ed.) § 891, and cases cited. There was no error in the denial by the judge of the requested ruling just considered.

2. There was no error in the denial by the judge of the landlord's request for a ruling that the defence of eviction was barred because it had been adjudicated in the action by the tenant against the landlord, which went to judgment in favor of the latter, that there had been no eviction. But when that and the present cases were tried together in the first instance by the judge, no question of the fact of eviction was determined, as is evidenced by the supplemental report of the judge, in which he stated specifically that he "did not pass upon the question of eviction as fact," but that he "intended to dispose of the cases by ruling as matter of law the lease between the parties was in itself a bar to a recovery in the tort action for wrongful eviction and for the same reason wrongful eviction was not a defense in the contract actions." It was because of this ruling that the finding of the judge for the landlord in each of its actions was vacated and a new trial ordered. Manifestly the question whether the tenant had been

wrongfully evicted was open in the second trial of those cases under the tenant's answers pleading eviction as a defence.

3. There was no error in the denial by the judge of requested rulings to the effect that the evidence did not warrant a finding that the tenant had been evicted by the landlord. In this connection the landlord has argued that the evidence does not disclose any act done by it with the intention and effect of depriving the tenant of the use and enjoyment of the property and that therefore a constructive eviction of the tenant could not be found properly.

A constructive eviction has been defined in our decisions relative to that subject matter as "some act of a permanent character, done by the landlord with the intention and effect of depriving the tenant of the enjoyment of the demised premises or some part of it, to which he yields, abandoning the possession within a reasonable time." *Bartlett* v. *Farrington*, 120 Mass. 284. *Tracy* v. *Long*, 295 Mass. 201, 203, and cases cited. *Stone* v. *Sullivan*, 300 Mass. 450, 455. The intent required is not an actual intent, but "may be inferred from the character of . . . [the landlord's] acts if their natural and probable consequence is such as to deprive the tenant of the use and enjoyment of the premises let." *Tracy* v. *Long*, 295 Mass. 201, 205. In applying this definition with reference to the intent of the landlord "the law assumes that he intends the natural and probable consequences of his acts. *Skally* v. *Shute*, 132 Mass. 367." *Shindler* v. *Milden*, 282 Mass. 32, 33.

In the instant cases the landlord installed the oil burner and substituted oil for coal to improve the heating conditions in the premises. There is nothing to warrant a finding that it installed the oil burner with any intent to create the conditions which caused the tenant to leave the premises. But the acts of the landlord went beyond the mere installation of the oil burner. The conditions that manifested themselves at once were not corrected by the landlord during the substantial period of time during which, the judge could and did find, they continued unabated.

There was evidence that after the tenant had vacated the apartment, an investigator of an insurance company went into the apartment and saw some evidence of smoke and soot on the baseboards, flares of oil and soot on them and on the wallpaper, and that he went into the boiler room and there saw dense clouds of smoke and openings in the floor in the tenant's apartment where the floor joined the baseboards. This evidence was received subject to the landlord's exceptions which may here be disposed of by saying that it was within the judge's discretion to admit it. *Beacon Trust Co.* v. *Wright*, 288 Mass. 1, 5, 6, and cases cited.

The defence of eviction, actual or constructive, is based upon a failure of consideration, or a breach, whether of commission or omission, of a covenant of the lease so material as to excuse the tenant from performing. *McCall* v. *New York Life Ins. Co.* 201 Mass. 223. *Boston Veterinary Hospital* v. *Kiley*, 219 Mass. 533. *Rome* v. *Johnson*, 274 Mass. 444. It is a defence sounding in contract since the landlord impliedly warrants the quiet enjoyment of the demised premises, *Ellis* v. *Welch*, 6 Mass. 246, 250; *Duncklee* v. *Webber*, 151 Mass. 408; *Brown* v. *Holyoke Water Power Co.* 152 Mass. 463; *Case* v. *Minot*, 158 Mass. 577, 585; 3 Williston, Contracts (Rev. ed.) § 891, and it is generally held that ". . . if the landlord's acts necessarily deprive the tenant permanently or for a substantial time of the enjoyment of the property it can hardly be material with what intention the landlord acts." 3 Williston, Contracts (Rev. ed.) § 891, at page 2527, and cases cited. While this precise language has not been used in our previous decisions relating to the same subject matter, we think that the same principle is to be found in substance in *Skally* v. *Shute*, 132 Mass. 367, in which it was said, in effect, that the question of actual intent arises only when the acts are such as do not of themselves afford a presumption of intent; that generally the question, whether acts of the landlord in consequence of which the tenant abandons the premises amount to an eviction, is a question of law, and includes the question whether they constitute proof of

intent; that a person is presumed to intend the natural and probable consequences of his acts; and that wrongful acts of the landlord upon the premises that render them permanently unsafe and unfit for occupancy, so that the tenant loses the enjoyment of them, carry with them the presumption of the intent to deprive the tenant of that enjoyment.

In all the circumstances we are of opinion that the landlord must be presumed to have intended the natural consequences of its own acts, subsequent to the installation of the oil burner, in failing to remedy the conditions which deprived the tenant of the use and enjoyment of the premises over a substantial period of time, and that the judge was warranted on the facts disclosed by the evidence in concluding that the tenant had been evicted by the landlord. *Boston Veterinary Hospital* v. *Kiley*, 219 Mass. 533. See *Alger* v. *Kennedy*, 49 Vt. 109, 118; *McCurdy* v. *Wyckoff*, 44 Vroom, 368; *Dyett* v. *Pendleton*, 8 Cowen (N. Y.) 727; *Tebb* v. *Cave*, [1900] 1 Ch. 642.

The landlord has argued that the tenant did not vacate the premises within a reasonable time. What is a reasonable time depends upon the circumstances of each case. *Rome* v. *Johnson*, 274 Mass. 444, 451. In the present case the tenant remained on the premises from the date of the installation of the oil burner, December 7, 1936, until February 16, 1937. The judge could find properly that he did so in reliance on the promises of the landlord to remedy the situation, and that he was justified in remaining in the apartment as long as he did in the expectation of relief. On all the evidence it could not have been ruled properly as matter of law that the tenant, acting reasonably, should have vacated the premises before he did.

At the outset of the trial the landlord called the tenant as a witness. In the examination of the tenant thereafter the latter's counsel was permitted to ask him leading questions over the objections of the landlord. That was a matter within the discretion of the trial judge. In *Guiffre* v. *Carapezza*, 298 Mass. 458, 460, the court said: "We are aware of no decision in this Commonwealth in which exceptions have been sustained because of the allowance of lead-

ing questions." See also *Moody* v. *Rowell,* 17 Pick. 490, 498; *Francis* v. *Rosa,* 151 Mass. 532, 534; *Gray* v. *Kelley,* 190 Mass. 184, 187.

What we have said disposes of all the questions of law which have been argued by the landlord.

In each case the entry will be

*Order dismissing report affirmed.*