ELIZABETH A. BINGHAM *vs.* WENDELL B. COLSON. February 3, 1950. Exceptions overruled. This is an action of contract to recover three months' rent under a written lease of a furnished house in South Lincoln. The answer pleaded a general denial and eviction. Other defences set up in the answer were waived at the trial or in the defendant's brief. The jury found for the plaintiff, and the action is here on an exception to the denial of the defendant's motion for a directed verdict. The only issue for us to consider is whether as matter of law there was an eviction. The controversy arose over an attic room of this furnished house the use of which the plaintiff claimed she, through her agent, had reserved for the storage of some skis, sleds and beds. There was no padlock on the door of this attic room but it had a "closing device." The defendant admitted that when he leased the premises there was some building material in the garage and some furniture to go into the attic. The defendant denied that he consented to a reservation of a part of the house by the plaintiff or her agent. He admitted that he learned of this attic room for the first time at the trial. There was no error in denying the defendant's motion for a directed verdict. The defence of an eviction is an affirmative one with the burden of proof resting on the defendant. *Rome* v. *Johnson*, 274 Mass. 444, 450, and cases there cited. See *Stone* v. *Sullivan*, 300 Mass. 450, 452–453. See also *Westland Housing Corp.* v. *Scott*, 312 Mass. 375. It can seldom be ruled that the burden of proof resting on oral testimony has been sustained. *Zawacki* v. *Finn*, 307 Mass. 86, 88. The issue of eviction was clearly a question for the jury.

*R. S. McCabe*, for the defendant.

*L. Kofsky*, for the plaintiff.