JOHN RYAN *vs.* CARL WILSON & others.

Suffolk. November 8, 1956. — January 10, 1957.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Pleading, Civil*, Answer. *Practice, Civil*, Entry of judgment.

After an answer in abatement in an action had been overruled, without more, by one of the judges of the Superior Court, it was within the power of another judge of that court to grant the defendant leave under G. L. (Ter. Ed.) c. 231, § 53, to file an answer over. [282–283]

An action in which one count of the declaration in general terms sought damages for an alleged breach of contract and did not appear to be

for the same cause of action as either of two other counts seeking specific sums for alleged breach of contract did not go to judgment for the plaintiff merely by reason of overruling of an answer in abatement even if no leave to file an answer over was requested by or granted to the defendant. [283]

Leave to the defendant in an action in the Superior Court to file an answer over might properly be granted under G. L. (Ter. Ed.) c. 231, § 53, more than ten days after the overruling of an answer in abatement by him, and might properly be granted in dealing with a motion by the plaintiff to default the defendant, without an express motion by the defendant. [283–284]

In an action of contract against twelve members of a labor union, wherein an answer in abatement based on nonjoinder of the many other members was sustained as to eleven of the defendants and overruled as to one, there was no merit in a contention by the one defendant that the action went to judgment in his favor automatically after the expiration of ten days on the grounds that as matter of law the plaintiff could not have made a contract on which the one defendant was solely liable and all the other members were not and that in the circumstances the sustaining of the answer as to the eleven defendants was predicated on the plaintiff's moving within the ten days to amend so as to join all the members as defendants. [284]

CONTRACT. Writ in the Superior Court dated October 6, 1955.

There was a report by *Cahill,* J., following certain action by him on April 24, 1956.

*Walter R. Donovan,* for the defendant Goodwin.

*Charles G. Simon,* for the plaintiff, submitted a brief.

WILKINS, C.J. The plaintiff brought this action of contract against twelve defendants, who, filing no answer to the merits, answered in abatement, setting up nonjoinder of parties defendant. The matter alleged in abatement was that except in so far as all the members of a certain labor union, called Local 537, may have entered into a contract with the plaintiff, no defendant did so. Annexed to the answer was a list of over one thousand members of the union, including the twelve defendants. On December 27, 1955, a judge sustained the answer as to all defendants except one Goodwin, as to whom the answer was overruled.

Thereafter nothing happened until March 9, 1956, when the plaintiff filed a motion that Goodwin be defaulted for failure to answer and that judgment be entered against him.

On the same day the defendant Goodwin filed a motion that judgment be entered in his favor. On April 24, 1956, a second judge caused the following entry to be made on the plaintiff's motion: "Defendant Goodwin defaulted. To be vacated as of course if said defendant files his answer within 20 days." On the same date the judge caused the following entry to be made on Goodwin's motion: "Allowed as to all defendants except Goodwin." He also denied requests for rulings made by this defendant.

The plaintiff excepted to the denial of his motion for judgment. The defendant Goodwin excepted to the denial of his motion for judgment and the denial of his requests. The case is here on a report by the second judge of issues raised by these rulings. G. L. (Ter. Ed.) c. 231, § 111.

The plaintiff argues that the case automatically went to judgment against Goodwin on January 9, 1956, the Monday next following the expiration of ten days from December 27, 1955. The reasoning underlying the contention seems to be that the first judge did not grant, nor did Goodwin ask for, time beyond that permitted by the rules in which to answer over. Reliance is placed upon Rules 25 and 79 of the Rules of the Superior Court (1954) and upon G. L. (Ter. Ed.) c. 231, §§ 50, 53. Section 50 reads: "If an issue of fact is found against the defendant upon a plea or answer in abatement, final judgment, subject to section fifty-three, shall be rendered against him." Section 53 provides: "If the defect upon which a plea or answer in abatement is founded is capable of amendment, the court may allow the plaintiff to amend, upon terms. The court may allow the defendant to amend an answer in abatement or to answer over by special order of the court for good cause shown, and not otherwise."

The plaintiff argues various matters which are not sustained by the record or which are incorrect propositions of law. For example, he contends that the answer in abatement was based on an issue of fact; that the first judge ruled that the case was to go to judgment under § 50 and Rules 25 and 79; that the second judge had no authority to permit Goodwin to answer over; and that the discretion to

allow an amendment or an answer over belonged solely to the judge who heard the answer in abatement. We have no way of knowing what happened at the hearing before the first judge, who filed no statement of findings or the reasons for his rulings. The allegation of the answer in abatement that the contract was entered into with all the members of the local and not with the defendants did not necessarily raise only a question of fact. Section 53 which permits "the court" to allow an amendment or an answer over surely is not a provision that only one judge of the court may so act.

The declaration is in three counts not described as for the same cause of action. Count 1 in the most general terms alleges the breach of a contract of employment entitling the plaintiff to damages for loss of wages and other matters. Count 2 alleges a breach of a contract of employment which was to run two years from June, 1952, under which the plaintiff was to receive a salary of $147 a week, of $10 weekly expense allowance, and $50 monthly transportation expense, and a refusal to perform since January 1, 1954. The third count is on an account annexed for $4,382 with interest from date of demand June 31 [*sic*], 1954, the items being "Wages from 1/1 to 6/31 [*sic*] –54 $3822"; transportation expenses $260; and general expenses $300. The date of the writ is October 6, 1955, and the ad damnum $5,000. While it can be mathematically determined that counts 2 and 3 are for the same cause of action, it plainly cannot be decided that count 1 is for the same cause of action as either count 2 or count 3. The case, therefore, did not go to judgment for the plaintiff against Goodwin at any time before the action of the second judge on April 24, 1956. We do not suggest that there might not have been other reasons why the case was pending on that date against this defendant.

The second judge did not err in allowing Goodwin time in which to answer over. There was no need of an express motion to this effect by Goodwin. It is no objection that such action was taken after expiration of ten days from December 27, 1955, the date when the answer was over-

ruled as to him. *Boston Morris Plan Co.* v. *Barrett,* 272 Mass. 487, 489–490. *Westland Housing Corp.* v. *Scott,* 312 Mass. 375, 379. There is nothing to show that the second judge was not warranted in finding "good cause shown" under § 53.

We next discuss the second judge's denial of Goodwin's motion for judgment in his favor. As the motion expressly applied only to Goodwin, we do not consider the judge's reference to the other defendants which undoubtedly was made for the sake of clarity. While the case would seem to have gone to judgment in their favor at an earlier time, we are not called upon to make a decision upon the point.

Goodwin's motion was based upon a supposed automatic judgment in his favor, also on January 9, 1956. The argument in turn is founded upon the assumption that the sustaining of the answer in abatement as to all the defendants except him was conditioned upon the plaintiff within ten days filing a motion to amend his declaration so as to join all the members of the union as parties defendant. There is nothing in the record to uphold such a contention. The proposition is not correct that, as matter of law, the plaintiff could not have made a contract on which Goodwin was solely liable and on which all the thousand or more members of the union were not.

There is no occasion to set out the defendant Goodwin's lengthy requests or to enlarge discussion beyond stating that his requests and motion for judgment were rightly denied.

The case is to stand for further proceedings in the Superior Court.

*So ordered.*