Phillip E. ACKERHALT, t/a Colonial Wallpaper & Paint Co., Appellant,

v.

M. L. SMITH, Appellee.

No. 2122.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 20, 1958.

Decided May 12, 1958.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Arthur C. Elgin, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

On August 29, 1952, the parties to this appeal entered into a rental agreement for the lease of a warehouse for a period of four years, effective October 1, 1952. Seven months before the expiration of the lease, defendant vacated the premises and alleged constructive eviction as a defense in this action for rent by the plaintiff lessor.

The lessee's defense was predicated on a written agreement, made by the lessor just prior to the execution of the lease, to put the roof of the leased property in a water-tight condition. According to the evidence, repair work was performed on the roof of the warehouse but leaks recurred. A pattern of leaks, followed by repairs made at the direction of plaintiff, continued until the summer of 1953 when the lessor arranged to have the roof recoated and waterproofed. Subsequent to this, defendant complained that new leaks developed and more repairs

were made. Defendant testified he was never able to utilize more than sixty or seventy per cent of the leased space because of the leaks and ensuing dampness. Wallpaper which he stored in the warehouse was constantly shifted to avoid damage, and finally when conditions worsened, defendant vacated the premises on March 1, 1956.

The jury returned a verdict for defendant, but on plaintiff's motion the trial judge set the verdict aside, ordered judgment for the plaintiff, and denied his alternative motion for a new trial. Defendant appealed.

██ Constructive eviction as a defense to an action for rent is based upon the principle that the consideration for rent, which is the use and enjoyment of the premises demised, has failed. A lessor may therefore not recover rent where the premises or a part thereof have become untenantable or unfit for the purpose for which they were rented by reason of his failure to comply with his agreement. Pinching v. Wurdeman, 56 App.D.C. 223, 12 F.2d 164; Westland Housing Corporation v. Scott, 312 Mass. 375, 44 N.E.2d 959. It is frequently argued, as here, that the acts or omissions of the lessor growing out of the agreement must indicate an intent on his part to deprive the lessee of the use and enjoyment of the property in order to give rise to this defense. This does not mean that an actual subjective intent must exist in the mind of the lessor. An intent to evict may be inferred from the character of a lessor's acts or whenever his conduct is such that it substantially deprives his lessee of the use of the premises for which they were demised.[1] The law assumes that he intends the natural and probable consequences of his acts.

██ Citing the fact that defendant remained on the property for three years and five months, plaintiff contends that the defense of constructive eviction is waived when the premises are not abandoned within a reasonable time. What is a reasonable time is generally a question of fact. This is particularly true when the defects rendering the property unfit may be repaired. The law recognizes that a lessor is entitled to notice of defects and the opportunity to remedy conditions.[2] With equal fairness the courts have been reluctant to hold that as a matter of law the defense is waived where evidence discloses that the lessee remained on the premises in reliance upon the acts or promises of his lessor to repair the defects.[3] A leaking roof is a sporadic condition, and defendant's evidence of reliance together with plaintiff's proof of continuous repairs therefore presented a question for the jury as to reasonable time. These issues were properly submitted to the jury in the court's comprehensive instruction, and we therefore think the court erred in setting aside the verdict and ordering judgment for plaintiff.

██ In setting aside the verdict on plaintiff's motion for judgment notwithstanding the verdict, the court denied plaintiff's alternative motion for new trial without indicating the grounds for its decision. In a case involving the same procedural question, this court in Crusade v. Capital Transit Co., D.C.Mun.App., 63 A.2d 878, 8 A.L.R. 2d 229, pointed out that the alternative motions have dissimilar bases. A motion for new trial often raises matters resting within the discretion of the trial court. Here plaintiff asserted that the verdict was contrary to the weight of the evidence. If the court felt it might be in error in granting the judgment n.o.v., it could in the exercise of its discretion grant a new trial. Inasmuch as it did not indicate its reasons for

1. Pierce v. Nash, 126 Cal.App.2d 606, 272 P.2d 938; Thirteenth & Washington Sts. Corp. v. Neslen, 123 Utah 70, 254 P.2d 847; Tracy v. Long, 295 Mass. 201, 3 N.E.2d 789; 1 Tiffany, Law of Real Property § 142 (3d ed. 1939).

2. See Annotation, 75 A.L.R. 1114, 1120.

3. See Thirteenth & Washington Sts. Corp. v. Neslen, supra; Lynder v. S. S. Kresge Co., 329 Mich. 359, 45 N.W.2d 319, 28 A.L.R.2d 440; Westland Housing Corporation v. Scott, supra; Frosh v. Sun Drug Co., 91 Colo. 440, 16 P.2d 428.

denying plaintiff's motion for new trial, we are unable to tell whether it would or would not have granted a new trial had it not concluded that the motion for judgment n.o.v. should be granted. Accordingly, as we ruled in the Crusade case, the court should have stated its reasons for denying the motion. Consonant with the rule enunciated in that case, the motion for new trial is reinstated for the reconsideration of the trial judge.

Judgment reversed with instructions to reinstate the verdict of the jury and to reinstate and consider the motion for new trial.