Vincent B. GOLDSMITH and Ballenger S. Goldsmith, Appellants,

v.

Frederic GISLER and Agnes Gisler, Appellees.

No. 2293.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 5, 1959.

Decided April 14, 1959.

Carl P. Fogel, Washington, D. C., for appellants. Samuel H. Suls, Washington, D. C., also entered an appearance for appellants.

Isadore Brill, Washington, D. C., with whom Solomon Grossberg, Irving B. Yoc-

helson, and Alfred Burka, Washington, D. C., were on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellees sued for the rent of premises leased to appellants for the months of January and February 1958; the latter defended on the ground of constructive eviction because of the impossibility of their using the premises as a used car lot.

According to the statement of proceedings and evidence, on May 18, 1956 appellees leased the premises to one William Campbell for two years from June 1, 1956; the lease contained the following provision:

"That he [Campbell] will use said premises for general repair and painting of automobiles and *sale of* new or *used cars* and accessories and for no other purpose." (Emphasis supplied.)

On September 27, 1956 appellants purchased the business that Campbell was conducting on the premises, receiving from him an assignment of the lease duly approved by the appellees. Approximately three months after appellants entered into possession of the premises they attempted to secure a permit as used car dealers but were informed that there existed a non-conforming use that prevented them from obtaining such permit. Approximately three months thereafter they were informed that the property could not be rezoned and their application for the permit was denied. Appellants remained in possession of the premises for one year after they were informed that they could not use the premises as a used car lot, paying the rent during that period.

The court found that the failure of appellants to move from the premises for a year after being notified of their inability to legally use the property as a used car lot constituted a waiver of their defense of constructive eviction because they did not move from the premises within a reason-

able time after learning of the restriction on the use of the property.

Inasmuch as no rent had been paid for the two months in question, the court made a finding in favor of appellees and this appeal was taken from the judgment rendered on that finding.

We assume, without deciding, that appellants by virtue of the language of the lease and their inability to secure a used car dealers permit were entitled to claim constructive eviction. What is a reasonable time in such a situation is ordinarily a question of fact.[1] We think the question here was a factual one, and it requires no citation of authorities for the proposition that the weight of the evidence is a question for the trier of the facts and that a finding of fact supported by substantial evidence may not be set aside by an appellate court. We cannot hold that the finding is without such support.

Affirmed.

Jacobs, Washington, D. C., were on the brief, for appellant.

Daniel T. Donohoe, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

---

1. Ackerhalt v. Smith, D.C.Mun.App., 141 A.2d 187.